Argued April 12, affirmed May 16, 1962

## STATE OF OREGON v. COLLING

371 P. 2d 563

*John Daniel Callaghan,* Salem, argued the cause for appellant. On the brief were Paulus and Callaghan.

*C. L. Marsters,* Deputy District Attorney, Salem, argued the cause for respondent. With him on the brief was Hattie Bratzel Kremen, District Attorney, Salem.

Before MCALLISTER, Chief Justice, and WARNER, SLOAN and O'CONNELL, Justices.

SLOAN, J.

Defendant appeals from a conviction of burglary not in a dwelling. He waived trial by jury and was tried by the court. The premises burglarized was an unfinished, unoccupied house containing personal property of the owners.

One of the owners testified as to the property in the house and described it. The property consisted of wedding presents of the usual variety. On the day prior to the loss of the goods the owners had been working on the premises. The owner testified that when they left the doors were locked and the house secure; that when they returned within the next day or so the described property was gone. The witness did not personally know how entry had been gained. Some of the property was recovered and was identified by the witness as part of the property taken.

■ Defendant's first assignment submits that a written confession received in evidence was not voluntary and should not have been admitted. The evidence does not support the argument. There is not the slightest hint in the evidence that this defendant was imposed upon. The assignment has no merit.

■■ The court refused to allow defendant's motion for acquittal. The second assignment says this was

error because there was no evidence that the crime had been committed absent defendant's confession. The testimony of the owner was sufficient for that purpose. The only thing lacking in that testimony was direct evidence as to how entry was gained. That omission would not be fatal in view of the testimony that the house was secure and locked when the owners left it. The certain proof that someone entered the house and took goods creates a strong, if not conclusive, inference that unlawful entry was made.

■ Defendant relies on *State v. Watts*, 1956, 208 Or 407, 409, 301 P2d 1035. The case is helpful here in that it clearly states the rule that a confession may not be used to prove that the crime charged was committed. The opinion in *Watts*, by Justice PERRY, states:

> "It is, therefore, clear that, while the confession may be used to show who perpetrated a crime, it must first be legally shown that a crime was committed."

That is exactly what the evidence could be taken to prove in this case. The weight and credit to be given to it was for the trier of fact.

■ The last assignment says that a new trial should have been allowed because of newly-discovered evidence. The proof of this, submitted to the court by the testimony of witnesses, proves that defendant and the members of his immediate family were aware of the existence of the witness and what he claimed to know on, and long before, the day of the trial. It was not newly discovered evidence, but overlooked evidence. The testimony of the witness was given to the court at the hearing on the motion for new trial. We can only assume that, since the court had tried

this case, if the court had been much impressed as to the truth of the evidence he would have allowed the new trial. The testimony of the witness, if believed, would have provided defendant with a complete alibi. In any event, the court did not abuse its discretion, and the assignment is without merit.

Affirmed.