459 P.2d 452 (1969)
STATE of Oregon, Respondent,
v.
Roger Leroy HIGGINS, Appellant.
Court of Appeals of Oregon.
Decided October 3, 1969.
Argued and Submitted July 7, 1969.
J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.
Mike Murphy, Deputy Dist. Atty., Eugene, argued the cause for respondent. On the brief were Stephen H. Keutzer, Deputy Dist. Atty., and John B. Leahy, Dist. Atty., Eugene.
Before SCHWAB, C.J., and LANGTRY, FOLEY and BRANCHFIELD, JJ.
*453 BRANCHFIELD, Judge.
Defendant was charged with the crime of burglary not in the dwelling. He waived trial by jury and was found guilty by the court. He appeals, assigning as error the admission into evidence of the stolen property and pictures of the property.
On December 10, 1967, Mr. Lloyd Cummins, a mechanic at Allum Brothers, finished his shift and locked his tools and tool box in the tool room some time between 11:00 p.m. and midnight. The tool room was secured by means of a lock and hasp. Upon his return to work the next day at approximately 3:00 p.m., he discovered the hasp broken and his tools and tool box gone. No one had been given permission to enter the tool room or to take the tools and tool box.
Defendant's sister-in-law testified that some time in early December, 1967, defendant and a Barry Gilley came into her home while she was working in the kitchen. When she entered the living room, she saw a tool box sitting in the middle of the floor and the defendant sitting at a table in the room. One of the men said in conversation that the tool box came from Allum Brothers. The tool box had not been in the house prior to the arrival of defendant and Gilley and the tool box did not belong to the witness or her husband. It was identified at the trial as the property of Mr. Cummins.
Defendant objected to pictures of the tool box and tools on the ground of the lack of relevancy. He objected to admission of the stolen property into evidence on the grounds of lack of relevancy, insufficient identification and change of condition. Exhibit G, another photograph of the tool box, was admitted without objection.
In order to convict defendant, it was necessary for the state to prove beyond a reasonable doubt (1) that defendant broke and entered a building; (2) that there was property kept in the building; (3) that at the time of the breaking and entering, defendant had an intent to steal therein or commit some felony therein. State v. Luckey, 150 Or. 566, 570, 46 P.2d 1042 (1935). The evidence showed without contradiction that the tool box and its contents were recently stolen when the defendant, Gilley and the tool box were seen together in the living room of the defendant's sister-in-law.
Defendant contends that the stolen property was never shown to have been in defendant's possession and he assigns as error the admission of the exhibits. He claims the exhibits had no tendency to prove that defendant was guilty of burglarizing Allum Brothers.
The state was required to prove the elements of the crime, but it was not necessary to first show some connection between the defendant and the crime. Proof of that connection could follow evidence of the commission of the crime. See State v. Haynes, 239 Or. 132, 396 P.2d 694 (1964); State v. Colling, 230 Or. 595, 371 P.2d 563 (1962); State v. Weston, 102 Or. 102, 201 P. 1083 (1921). It was not error for the court to receive the challenged exhibits into evidence.
"The inference that may be drawn from the fact of finding recently stolen property in the possession of the accused `is one of fact, * * *, and is strong or weak according to the character of the property, the nature of the possession, and its proximity in time with the theft.' State v. Pomeroy, 30 Or. 16, 25, 46 P. 797, 800." (Emphasis supplied.) State v. Williams et al., 102 Or. 305, 312-313, 202 P. 428, 429, 430 (1921).
The language above from Pomeroy was quoted in State v. Tucker, 36 Or. 291, 61 P. 894, 51 L.R.A. 246 (1900), a case quite similar on its facts to the case at bar, in that one of two defendants whom evidence showed were in possession of stolen property, was being prosecuted for burglary not in a dwelling. In Tucker, the court held that it was for the trier of fact to draw or not draw an inference from the fact of possession.

*454 "* * * Such inference is strong or weak according to the character of the property, the nature of the possession, and its proximity to the time of the theft * * *." 36 Or. at 304, 61 P. at 899.
"* * * The fact that such possession was not exclusive in the defendant could make but little, if any, difference in the weight of the circumstance, considered as an evidentiary fact." 36 Or. 304, 305, 61 P. 899.
See also State v. Gardner, 225 Or. 376, 358 P.2d 557 (1961), where the holding in Tucker was followed, but the conviction reversed on other grounds.
Our holding in this case is not inconsistent with State v. Oare, 249 Or. 597, 439 P.2d 885 (1968). There a defendant who was not a resident of the home, was apprehended while in a bathroom with another person who was a resident and who was in the act of flushing marihuana down the toilet. The defendant did not have any marihuana in his physical possession.
The court commented that it was "an extremely close question" as to whether the evidence was sufficient to raise an inference of constructive possession. It is rather the fact question whether defendant had actual joint possession with Gilley.
The evidence strongly tied defendant to the stolen tool box. The testimony of Mrs. Higgins was that neither he nor Gilley lived in the house, that they arrived together, and the tool box was not there before they arrived. Mrs. Higgins saw the tool box when she went to the living room to greet the men. The two men and Mrs. Higgins discussed the tools, with the conversation demonstrating to her that the tools came from Allum Brothers that night. From these circumstances the trier of fact could properly find under the rule in Tucker, supra, that defendant had possession of the stolen property.
From that finding the inference could reasonably be drawn that the defendant participated in breaking and entering the place where the tools were kept, with intent to steal property located therein. We do not view this as basing an inference upon an inference. An inference can be based upon a fact which is itself based upon circumstantial evidence, or a combination of direct and circumstantial evidence. See Vaccarezza v. Sanguinetti, 71 Cal. App.2d 687, 698, 163 P.2d 470, 474, 477, 479 (1945); McKay v. State Ind. Acc. Comm., 161 Or. 191, 87 P.2d 202 (1939); and State v. Dennis, 177 Or. 73, 159 P.2d 838, 161 P.2d 670 (1945).
Judgment affirmed.