Argued September 19, affirmed October 10, 1969

# STATE OF OREGON, *Respondent, v.*
# TONY TENUSE HANNA,
*Appellant.*

No. C-50362

459 P2d 564

*William G. Whitney,* Portland, argued the cause and filed the brief for appellant.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before SCHWAB, Chief Judge, and LANGTRY, FOLEY, FORT and BRANCHFIELD, Judges.

BRANCHFIELD, J.

Defendant was convicted by a jury of the crime of burglary in a dwelling house. He appeals, assigning as error the denial of his motion for judgment of acquittal, and his motion for arrest of judgment.

On September 1, 1967, Mr. and Mrs. George Chesak left their residence in Portland at approximately 9:00 a.m. Mrs. Chesak hooked the back screen, locked the back door leaving the key in the lock, and locked the front door before leaving the house. When the Chesaks returned at 11:30 the same morning, they found the back door screen had been ripped away from the molding by the latch, the back door was unlocked and there was a broken window in one of the bedrooms.

For some time Mrs. Chesak had hidden United States currency inside the folded pages of a book stored in the bedroom occupied by her and Mr. Chesak. The book had a rubber band fastened around it. The currency continued to remain in place and was there when the Chesaks left home on the morning in question. When they returned and found the broken back screen and broken window, they immediately checked the book where they had stored the currency. The money was missing. The rubber band was lying on their bed. Upon further search they determined that various coins were missing from purses which had been kept inside the dresser drawer in their bedroom. They determined that nothing else in the house had been disturbed.

The police were called and informed of the circumstances. An investigation was conducted, in the course of which broken glass was found outside the

residence on the ground near, but not directly under, the broken window. One piece of glass was standing on edge, leaning against a bush, as if it had been placed there, rather than having fallen. The piece of glass had paint on one edge, and appeared to have come from the broken window. A fresh print from one of defendant's fingers was found on that piece of glass. There were no other identifiable fingerprints on any of the glass. The police made no search for fingerprints inside the house. The Chesaks testified that the defendant had never been invited into their home and that he had never been in their home so far as they knew.

The defendant took the witness stand in his own defense. He denied committing the burglary, and denied ever having been in or around the Chesak house. He claimed to have been working at the time of the burglary, and his alibi was partially corroborated by his brother. The defendant's credibility was impeached by proof of prior convictions, including burglary.

■■ The defendant argues that a necessary element in the proof of a charge of burglary is proof of entry. He admits that circumstantial evidence can show an entry as well as direct proof, but argues that there are no footprints, no interior fingerprints, no eye witnesses and no other evidence against the defendant except his fingerprint upon a piece of glass outside the house. The missing money, however, provided incontrovertible evidence that someone had unlawfully entered the Chesak home. The real question is whether the facts are sufficient to support an inference that defendant is the one who entered. We think they are.

*State v. Higgins,* 1 Or App 84, 459 P2d 452 (1969), this court said:

"* * * An inference can be based upon a fact which is itself based upon circumstantial evidence, or a combination of direct and circumstantial evidence. See *Vaccarezza v. Sanguinetti,* 71 Cal App 2d 687, 698, 163 P2d 474, 477, 479 (1945); *McKay v. State Ind. Acc. Comm.,* 161 Or 191, 87 P2d 202 (1939); and *State v. Dennis,* 177 Or 73, 159 P2d 838 (1945)."

*State v. Jones,* 242 Or 427, 410 P2d 219 (1966), is factually somewhat similar to this case. Jones was convicted of the crime of burglary not in a dwelling. The evidence therein showed that when the employes of a Portland store came to work on Monday morning they found the store burglarized. The burglar had gained access by breaking a hole in the glass in a door, reaching through the hole and turning the door knob inside to open the door. The investigating officer examined the wooden door frame near the knob and hole in the glass and found a fingerprint of the defendant. This was the only evidence connecting the defendant with the crime. That conviction was upheld.

In the case of *State v. Walker,* 244 Or 404, 417 P2d 1004 (1966), the defendant was convicted of the crime of burglary not in a dwelling house. In that case the owners of potatoes stored in their potato cellar found that 71 sacks of potatoes were missing. The potatoes were traced to Walker. There was no evidence of how entry was made into the potato cellar. In affirming the conviction, the Supreme Court said at pages 410-11 of the Oregon Report:

"Circumstantial evidence alone is sufficient to establish any necessary element of a crime, *State of Oregon v. Watts,* 208 Or 407, 410, 301 P2d 1035,

and, therefore, entry, like any other element of the corpus delicti of the crime of burglary, need not be proven by direct evidence, but may be established by circumstantial evidence."

The judgment is affirmed.