Argued January 23, reversed and remanded February 19, 1970

# RONALD DAVID TURNER, *Appellant,*
## *v.* CUPP, *Respondent.*
### 465 P. 2d 249

*J. Marvin Kuhn*, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jim G. Russell*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

SCHWAB, C. J.

Petitioner, Turner, is presently imprisoned under a sentence imposed upon his conviction for the illegal possession of narcotics. The conviction was affirmed on appeal. *State v. Turner*, 249 Or 145, 437 P2d 118 (1968). Turner then filed a petition for post-conviction relief which was dismissed for failing to state a cause of action. He now appeals the judgment of dismissal.

In his petition Turner alleges that there was a "substantial denial of petitioner's rights to effective representation of counsel" at the proceedings in which he was convicted. In order to obtain relief on this ground he must plead and prove facts which indicate that the alleged failings of his attorney were more than mere errors of judgment. *North v. Cupp*, 254 Or 451, 461 P2d 271 (1969); *State v. Abel*, 241 Or 465, 406 P2d 902 (1965).

The petition contains allegations which indicate that prior to his trial appellant informed his court-appointed attorney of the name and address of a witness who he claimed could prove his defense of entrapment, but that even though entrapment was offered as a defense the attorney made no attempt to find the witness.

If the attorney had reasonably believed the witness would not have aided in the presentation of the defense of entrapment, the failure to find and use her at trial would be, at most, mere error in judgment and petitioner would not be entitled to relief. Ordinarily such a belief would be predicated upon a proper investigation and interview of the potential witness. *Thomas v. State*, — Ind —, 242 NE2d 919, 924 (1969). Petitioner has alleged no such investigation was made, or attempted. It follows that in substance he has alleged that the attorney failed to do that which ordinarily would be necessary in order to properly prepare his client's case for trial. While it may be that the pleadings cannot be supported by the facts, or it may be that the attorney had good reason for his failure to attempt to find the witness, these questions can only be resolved in a hearing on the merits. Although the petition is not a model of precise pleading, it in effect pleads a denial of adequate counsel. The petition should not have been dismissed for failing to state a cause of action.

Respondent contends that the petition was properly dismissed because it fails to show that the alleged ground for relief could not reasonably have been asserted on direct review. ORS 138.550(2) ; *Cain v. Gladden*, 247 Or 462, 430 P2d 1015 (1967). On the direct appeal the Supreme Court was limited to the review of "questions of law appearing upon the record." ORS 138.220. Petitioner's cause of action is based upon facts which are not in the record and which, in the normal course of a trial, would not appear in the record. It follows that he could not reasonably have asserted this ground for relief in the direct appellate review.

Reversed and remanded.