Argued April 29, affirmed May 7, 1970

STATE OF OREGON, *Respondent, v.*
CLYDE ALLEN RUTLEDGE,
*Appellant.*
468 P2d 913

*Gary D. Babcock*, Public Defender, Salem, argued the cause and filed the brief for appellant.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, Salem, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

SCHWAB, C. J.

The defendant upon trial by jury was convicted of rape. During the course of trial the state produced evidence that medical examination disclosed live sperm in the body of the victim, which sperm, according to the doctor's testimony, would have been deposited in her body about the time she said the rape occurred.

After the jury had returned its verdict defense counsel moved for a new trial and when this motion was denied, moved for an order supplementing the record. The affidavits supporting the motions stated in substance that the defendant had undergone a vasectomy some years before the rape and that medical examination subsequent to trial disclosed both the fact of the vasectomy and that the defendant was incapable of producing live sperm. The affidavits further stated that the defendant had advised his trial counsel of the vasectomy during the course of trial and that the defendant's trial counsel did nothing to bring this information to the attention of judge or jury. The de-

fendant contends that the trial court erred in denying defendant's motion for a new trial and his motion to supplement the record.

In this case, defendant attempts to convert the direct appeal of his conviction into a post-conviction proceeding, by assigning the denial of his post-trial motions as error and arguing to this court the incompetence of trial counsel on the basis of evidence which is not in the record.

■■ Defendant first contends that the trial court erred in not granting his motion for a new trial on the basis of newly-discovered evidence. The evidence in question was obviously and admittedly known to dedendant at the time of trial. The first witness for the state, the physician who examined the victim of the rape, testified that he found live sperm in the victim's vagina. It is clear, therefore, that defendant's evidence does not meet the requirement that the newly-discovered evidence asserted as grounds for a new trial must have been discovered since the trial and be such as, with due diligence, could not have been discovered before the trial. See *State v. Williams*, 2 Or App 367, 468 P2d 909, decided this date; *State v. Walker*, 244 Or 404, 412-14, 417 P2d 1004 (1966); *State v. Davis*, 192 Or 575, 579, 235 P2d 761 (1951); ORS 17.610 (4). The trial court therefore properly denied defendant's motion for a new trial based on that evidence.

■ Defendant next contends that the trial court erred in denying his motion to supplement the record on appeal by including therein the affidavit of a physician, whose post-trial examination of defendant tended to show that the alleged vasectomy had in fact been performed, and the affidavit of defendant's trial counsel, reciting that defendant had informed him of the

alleged vasectomy during trial. Since the evidentiary matters set forth in these affidavits were not presented during trial in any manner whatsoever, the trial court correctly ruled that the affidavits were not "additional parts of the proceedings" within the meaning of ORS 19.078(3),[1] and therefore not includable in the record on appeal.

■ In view of the fact that this court is limited by ORS 138.220 to reviewing "* * * questions of law appearing upon the record," the assertion of incompetence of trial counsel, being based entirely on evidence outside the record, is not reviewable in this proceeding. See *Turner v. Cupp*, 1 Or App 596, 465 P2d 249 (1970).

This opinion should not be construed as holding that there is no procedure by which defendant can raise the issue of deprivation of the assistance of effective counsel. If the affidavits are factually true, it is hard to conceive other than that there is merit in the defendant's contention that he was deprived of his constitutional right. See *Turner v. Cupp*, supra, dealing with post-conviction relief.

Affirmed.

---

[1] ORS 19.078(3) provides:

"Within 10 days after the transcript is filed, any party may move the trial court for an order to correct any errors appearing in the transcript or, where the interests of justice require, to have additional parts of the proceedings included in the transcript. Thereupon, the trial court shall direct the making of such corrections and the adding of such matter as may be appropriate and shall fix the time within which such corrections or additions shall be made."