Argued January 19, affirmed February 5, 1970·

## STATE OF OREGON, *Respondent,* v. BOB DAVIS, *Appellant.*

464 P. 2d 841

*Kenneth C. Hadley, Jr.,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Billy L. Williamson,* Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

### FORT, J.

Defendant was convicted by the court sitting without a jury, pursuant to waiver, of the crime of know-

ingly uttering and publishing a forged bank check. ORS 165.115. He appeals, assigning as sole error the refusal of the court to grant his motion for judgment of acquittal.

The evidence established that some payroll checks were stolen in a burglary of Erv's Red Steer Market on October 23, 1967, that on October 21, 1967, one Roland Setzer was robbed near his home and besides his cash, his credit cards, birth certificate and driver's license, all containing his address and signature were taken. It also showed that on a Friday evening shortly before or after Thanksgiving one of the stolen payroll checks made payable to Roland Setzer was endorsed and cashed at the Eight Ball Inn. It was a forgery. It was cashed by a barmaid who testified that the man who cashed it was in the tavern with one Douglas Mangum, with whom the barmaid was well acquainted. Otherwise she did not recall who cashed it. Mr. Mangum testified that the defendant was with him at the Eight Ball Inn on a Friday evening around Thanksgiving and that the defendant cashed a check while they were there. He also testified that was the only occasion he was in the Eight Ball Inn with the defendant. Both he and the barmaid testified that he had not been in the Eight Ball Inn on any other evening than the one in question for a considerable period of time.

Two handwriting experts were called. The defendant's stated the handwriting on the check was not that of the defendant. The state's expert said it could have been his but was inconclusive due to the way in which the exemplar had been written by the defendant.

■ The rule is that if the verdict of the court or jury is supported by substantial evidence it is our duty to affirm.

In *State v. Higgins*, 1 Or App 84, 459 P2d 452 (1969), we said:

"\* \* \* An inference can be based upon a fact which is itself based upon circumstantial evidence, or a combination of direct and circumstantial evidence. [Citations omitted.]" 1 Or App at 89.

See also *State v. Hanna*, 1 Or App 110, 459 P2d 564 (1969).

In *State v. Zauner*, 250 Or 105, 441 P2d 85 (1968), the Supreme Court said that in a circumstantial evidence case the appellate court has

"\* \* \* the difficult task of determining whether the inferences that can be drawn are sufficiently reasonable so as to amount to evidence proving each material element of the crime beyond a reasonable doubt." 250 Or at 110.

■ We think the foregoing evidence, tested by that rule, supports the judgment of the court.

The judgment is affirmed.