Argued and submitted November 10, reversed and
remanded for resentencing December 22, 1980

STATE OF OREGON,
*Respondent,*

*v.*

ROGER ALLAN HOWARD,
*Appellant.*

(No. T79-10-0339, CA 17956)

621 P2d 92

John Henry Hingson, III, Oregon City, argued the cause
and filed the brief for appellant.

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for respondent. With her on the James M. Brown, Attorney General, John R. McCulloch, Jr. Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.,

Defendant appeals his conviction for the traffic crime of driving under the influence of intoxicants (DUII), raising only the question of whether he was denied the effective assistance of counsel because, after the state's case in chief, his attorney failed to move for a directed verdict of acquittal on the ground that the state had failed to prove a material element of the crime. We do not find ineffective assistance of counsel on the face of this record, but we do find that the state proved only a Class A traffic infraction, and therefore remand for resentencing.

Defendant was charged with the traffic crime of DUII, ORS 487.540. He was tried before a jury. The record contains no stipulation as to any prior convictions, and the state proved none during its case in chief.[1] Defense counsel did not move for a directed verdict of acquittal at the end of the state's case in chief for failure to prove a material element of the charge. Defendant contends on appeal that this failure shows on the face of the record that he was denied effective assistance of counsel. We disagree.

We have held that the question of effective assistance of counsel will only rarely be decided on direct appeal, where no evidentiary hearing is available. *State v. Henley,* 31 Or App 109, 569 P2d 58 (1977); *State v. Robinson,* 25 Or App 675, 550 P2d 758 (1976); *see also Turner v. Cupp,* 1 Or App 596, 465 P2d 249 (1970). This is not that rare instance.

■ ORS 484.380 allows the defendant to stipulate to the fact of a previous conviction in a DUII traffic crime trial, and prohibits mention of that conviction before the jury, except for impeachment purposes, if such a stipulation is made. Although the record before us does not show a stipulation, the trial was conducted in a manner which would suggest that such a stipulation may have been made. If there were such a stipulation, which for one reason or another did not find its way into the record, the failure of defense counsel to make a motion for a directed verdict of

---

[1] Pursuant to ORS 484.365, DUII, ordinarily a Class A traffic infraction, is prosecuted and punishable as a Class A misdemeanor if the defendant has been convicted of a Class A traffic infraction or traffic crime within the five year period immediately preceding the offense.

acquittal would be explained. An evidentiary hearing would be required to determine whether defendant's trial counsel's actions were such that no reasonably qualified attorney would have so acted. *See Rook v. Cupp,* 18 Or App 608, 526 P2d 605 (1974). We cannot say on direct appeal that defendant was denied effective assistance of counsel.

■ Having disposed of defendant's contention, we are nonetheless faced with an error plain on the face of the record. Our examination of the record in this case has shown that the state proved only a traffic infraction, DUII, and not a traffic crime.[2] The conviction for the traffic crime must be reversed, and the case remanded for disposition as a traffic infraction.

Reversed and remanded for resentencing.

---

[2] The only proof in this record of any prior conviction for DUII was elicited from defendant as impeachment on cross-examination. This was not substantive evidence. ORS 484.380(2).