Argued and submitted December 21, 2006, reversed and remanded May 16, 2007

# STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

# DARCY A. CADIGAN,
*Defendant-Respondent.*

Multnomah County Circuit Court
050140083; A129402

159 P3d 348

Janet A. Klapstein, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Kristin Carveth, Deputy Public Defender, argued the cause for respondent. With her on the brief were Peter Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe,* Judges.

SERCOMBE, J.

---

* Sercombe, J., *vice* Richardson, S. J.

## SERCOMBE, J.

A jury convicted defendant of harassment for slapping a police officer on the arm. The trial court granted defendant's motion for a new trial on the basis of newly discovered evidence. The state appeals, contending that the evidence was neither newly discovered nor undiscoverable through the exercise of reasonable diligence under the applicable civil procedure rule. We reverse because the trial court incorrectly concluded that the evidence was newly discovered.

Defendant and Patrick Maher lived together with their children and defendant's adult son, Devon Ratliff. Four City of Portland Police Officers visited their home to arrest Ratliff. The police officers entered the home after being greeted by defendant's young daughter. Once inside, the officers served the arrest warrant and took Ratliff into custody without incident.

Defendant and Maher were upset by the presence of police officers in their home. Defendant requested identification from each of the officers and demanded that they leave. Once outside, defendant slapped Officer Taylor on the arm when he held out his business card to her. Taylor arrested defendant for harassment, handcuffed her, and placed her in the back of his patrol car. Maher continued the argument and was chased, subdued, and arrested by Taylor for disorderly conduct.

Defendant assisted Maher in preparing his defense to the disorderly conduct charge. The day after their arrests, she took several Polaroid pictures of Maher's hands, wrists, and back that showed bruises and injuries allegedly inflicted by the police officer during his arrest. At the suggestion of Maher's attorney, defendant soon took several more photographs, using a digital camera for greater clarity. The charge against Maher was dismissed later.

Defendant retained an attorney in her defense. Her counsel interviewed defendant and Maher about the events, but neither person mentioned the pictures. Counsel became aware of the photographs during the time of the jury deliberations on defendant's harassment charge, when Maher asked why they had not been used as evidence.

Following the jury verdict against her, defendant moved for a new trial, contending that the photographs impeached the testimony of the police officers on the amount of force used during the arrests and were newly discovered by her attorney. At the hearing on the motion, Maher testified that his attorney told him that the "the incident that happened with [defendant] and the incident that happened with me weren't really related to one another; they were separate incidents." Maher did not mention the photographs to defendant's counsel before trial because he "thought they would only be relevant for [his] case." There was no testimony about defendant's assumptions about the relevance of the photographs.

The trial court concluded that the photographic evidence would have changed the outcome of the trial and that defendant's attorney could not have discovered them with reasonable diligence. The court remarked:

"I'm going to grant the motion. And the reason is that the—Patrick Maher's attorney, * * * told Patrick Maher that the photos of his injuries at the hands of Officer Peter Taylor were not relevant in Darcy Cadigan's case, which, I think, as a general statement, is true. And I think it's reasonable for [defendant's counsel] not to be focused on what happened to Patrick Maher when he's defending Darcy Cadigan, and the issue is whether she back-handed [Officer] Taylor in the presence of these three officers.

"* * * * *

"And although these photographs wouldn't necessarily be relevant in Darcy Cadigan's case, during trial, Officer Taylor denied using his baton or any particular force on Patrick Maher. So these photos, had they been produced at that time, would have been very relevant because they show a probable baton bruise and other abrasions and bruising on his back and shoulders. So they became relevant. * * *

"These photos cast serious doubt on the credibility of Officer Taylor. Had the jury seen them, I think they probably would have concluded, as I have, that Officer Taylor minimized his own force that he had used and exaggerated any force on the part of the defendant, Darcy Cadigan.

"* * * * *

"I was extremely sorry that these photographs hadn't been produced during the trial, but I think, yes, [defendant's counsel] could have asked, in defense of Darcy Cadigan, 'Did Patrick Maher have photographs showing any excessive force on his part?' but I think it's totally understandable, and if it was neglectful, it was excusably neglectful on his part not to ask. I think he just assumed there weren't any."

■■ We review the allowance of a new trial for errors of law when the ruling is based on an interpretation of law. If the trial court made no predicate legal error, the decision is reviewed for abuse of discretion. *State v. Farmer,* 210 Or App 625, 640, 152 P3d 904 (2007). ORCP 64 B,[1] relied on here, provides:

"A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"* * * * *

"B(4) Newly discovered evidence, material for the party making the application, which such party could not with reasonable diligence have discovered and produced at the trial."

The requirements for obtaining a new trial under ORCP 64 B(4) were stated in *Oberg v. Honda Motor Co.*, 316 Or 263, 272-73, 851 P2d 1084 (1993), *rev'd on other grounds,* 512 US 415, 114 S Ct 2331, 129 L Ed 2d 336 (1994) (quoting *State v. Davis,* 192 Or 575, 579, 235 P2d 761 (1951)):

"Newly discovered evidence which will justify a court in granting a new trial must meet the following requirements:

"(1) It must be such as will probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it must be such as, with due diligence, could not have been discovered before the

---

[1] ORS 136.535 incorporates the standards in ORS 19.430 and ORCP 64 A, B, and D to G as bases for granting a new criminal trial. The statute states that, "[e]xcept that a new trial may not be granted on application of the state, ORS 19.430 and ORCP 64 A, B, and D to G apply to and regulate new trials in criminal actions."

> trial; (4) it must be material to the issue; (5) it must not be merely cumulative; (6) it must not be merely impeaching or contradicting of former evidence."

(Internal quotations marks and citation omitted.)

In *State v. Arnold*, 320 Or 111, 879 P2d 1272 (1994), the court decided that ORCP 64 B(4) allows new trials based on evidence discovered during or after the trial, reformulating the *Oberg* tests:

> "Consequently, and consistent with *Oberg*, we hold that evidence that may justify a court in granting a new trial must meet the following requirements:
>
> "(1)   It must be such as will probably change the result if a new trial is granted;
>
> "(2)   It must be such as, with reasonable diligence, could not have been discovered before or during the trial;
>
> "(3)   It must be such that it cannot, with reasonable diligence, be used during trial;
>
> "(4)   It must be material to an issue;
>
> "(5)   It must not be merely cumulative;
>
> "(6)   It must not be merely impeaching or contradicting of former evidence."[2]

*Id.* at 120-21 (footnote omitted).

■     Although *Arnold* deletes the explicit requirement that the evidence "have been discovered since the trial," it specifies that the evidence not be discoverable before or during the trial. Evidence that is known to a defendant prior to trial is not "newly discovered evidence" under either of the tests stated in *Oberg* or *Arnold*. *See also State v. Edison,* 191 Or 588, 232 P2d 73 (1951) (preexisting and known impotency of defendant not "newly discovered" evidence and insufficient for new trial on charge of rape that resulted in childbirth); *State v. Rutledge,* 2 Or App 374, 468 P2d 913 (1970) (earlier vasectomy of defendant not "newly discovered").

---

[2] In *State v. Acree,* 205 Or App 328, 334, 134 P3d 1069 (2006), we observed that the first three *Arnold* "requirements are independently essential, whereas the last three requirements are closely related to the first."

■     The text of ORCP 64 B(4) refers to evidence discovered and discoverable by a "party." That includes the actual plaintiff or defendant in civil cases and the individual charged in criminal cases. The scope of the rule is not confined to evidence only known or discoverable by legal counsel for a party. ORCP 64 B(4) does not categorize information personally known to a defendant before trial, but not to the party's legal counsel until later, as "newly discovered" evidence. That evidence is "not newly discovered evidence, but overlooked evidence." *State v. Colling,* 230 Or 595, 597, 371 P2d 563 (1962).

■     Evidence is not "newly discovered" when its significance became better appreciated. The result of a case often changes the perspective of a losing litigant on evidence withheld or produced during the trial. That new insight does not convert the evidence into newly discovered evidence under the rule.

The trial court misconstrued ORCP 64 B(4) in ruling that evidence was "newly discovered" when the evidence was revealed to defendant's attorney or perhaps when legal counsel appreciated its probative value. Defendant took the photographs of Maher months before the commencement of the trial. She also knew his physical condition after the encounter with Taylor. Whatever the materiality of the photographic evidence, the emerging nature of its relevance, or the diligence of defendant's attorney, the evidence was simply not "newly discovered," and its availability failed to justify a new trial. Instead, evidence is "newly discovered" when its existence is first known by defendant or counsel. Because the photographs and Maher's physical condition were known to defendant well before trial, the evidence was not "newly discovered" under ORCP 64 B(4). The trial court erred in granting defendant's motion for a new trial.

Reversed and remanded.