772 December 17, 2025 No. 1095

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SETH DANIEL SILVER,
*Defendant-Appellant.*

Yamhill County Circuit Court
23CR33653; A183827

Jennifer K. Chapman, Judge.

Submitted October 14, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

In this criminal case, defendant appeals a judgment convicting him of second-degree sexual abuse, two counts of attempted coercion, unlawful dissemination of an intimate image, and five counts of telephonic harassment. He assigns error to the trial court's denial of his motion for a new trial based on newly discovered evidence. In response, the state argues that it was premature to move for a new trial in the midst of trial, and that, in any event, the trial court did not abuse its discretion by denying the motion. We affirm.

As an initial matter, we note that defendant's assignment of error concerns only the second-degree sexual abuse charge. Although he asks generally that we reverse and remand for a new trial, none of defendant's other convictions is at issue. We affirm those convictions at the outset.

Defendant assigns error to the trial court's ruling denying his motion for a new trial based on "newly discovered evidence." ORCP 64 B(4) (providing that court may set aside judgment and grant a new trial on, among other bases, "[n]ewly discovered evidence, material for the party making the application, which such party could not with reasonable diligence have discovered and produced at the trial"). As relevant to this issue, defendant was charged by indictment with second-degree sexual abuse for having sex with *A*, who was under the age of 18 at the time, "on or about September 9, 2022."[1] *A* testified at trial that she remembered the date of the act because it was defendant's birthday. *A* did not specify what time of day the act occurred. Later, *A*'s brother testified that he had heard sounds from *A*'s bedroom "like the bed moving" during the night some time "around the end of August." After another witness testified the state rested and then after a short recess for defendant to decide whether or not to testify, the defense rested and court was adjourned for the day.

The next morning, before any arguments to the jury occurred or jury instructions were given, defendant moved for a new trial under ORCP 64 B(4). He argued then,

---

[1] To avoid confusion with the word "a," we set out *A*'s initial in italics in this opinion.

as he does on appeal, that *A*'s brother's testimony had narrowed the timing of the charged conduct to the night of defendant's birthday, rather than some time on September 9. Defendant's father had reminded him after court was adjourned that defendant had been in a car crash during the evening of September 9. According to defendant, the information about the car crash constituted newly discovered evidence that became material after *A*'s brother testified, because his testimony "was that this occurred on the 9th overnight." According to defense counsel, defendant went to the hospital after the crash, so there would be hospital records to show that defendant had an alibi defense for the date and time alleged.

The trial court clarified that defendant always knew that the allegation was that he had sex with *A* on September 9, and he always knew or had access to the information that he had been in a car crash that evening, and that what he had learned from *A*'s brother's testimony was that the sex was alleged to have occurred at night on September 9. The state argued that the testimony actually only narrowed the timing to some time at night on that date, so that it could have been the early morning hours rather than from the evening of the 9th until midnight. The trial court agreed that the birthday was a 24-hour period that would overlap with what defendant knew or had access to about the car crash. Accordingly, the trial court denied the motion for a new trial.

We review the denial of the motion for a new trial for abuse of discretion. *State v. Dikeos*, 330 Or App 698, 707, 544 P3d 1020, *rev den*, 372 Or 718 (2024). The trial court is the factfinder at a hearing on the motion. *State v. Disorbo*, 54 Or App 877, 885, 636 P2d 986 (1981). Granting a motion for a new trial based on newly discovered evidence requires that the evidence 1) would probably change the result if there is a new trial; 2) was discovered since the trial; 3) could not have been discovered with due diligence before the trial; 4) is material; 5) is not merely cumulative of other evidence; and 6) is not merely impeachment evidence, or contradictory of former evidence. *See, e.g.*, *Wah Chang v. PacifiCorp*, 212 Or App 14, 31-32, 157 P3d 243 (2007) (describing longstanding ORCP 64 B newly discovered evidence requirements).

The state argues that defendant's new-trial motion was not properly before the court because it is a *post*-judgment, or at least a post-verdict motion, and it notes other procedural deficiencies such as the failure to supply affidavits or declarations. ORCP 64 B; ORCP 64 D. It correctly characterizes those as alternative grounds for affirmance here. We do not further address those, but turn directly to the merits.

As we explained in *State v. McCool*, 221 Or App 56, 62, 188 P3d 453 (2008), *rev den*, 345 Or 618 (2009), defendant here has not demonstrated that the evidence he identified in his ORCP 64 B(4) motion could not, with reasonable diligence, have been discovered and produced at trial. "As to the evidence that defendant was" elsewhere on part of the date at issue, "defendant certainly knew before trial where he was and who he was with" on that date. *Id*. "ORCP 64 B(4) does not categorize information personally known to" or available to, "a defendant before trial, but not to the party's legal counsel until later, as 'newly discovered' evidence." *State v. Cadigan*, 212 Or App 686, 691, 159 P3d 348, *rev den*, 343 Or 223 (2007). Similarly, evidence that was known to or readily available to defendant before trial does not become "newly discovered" because the defendant did not realize that it would become significant in light of other evidence. The trial court did not abuse its discretion when it denied defendant's motion for a new trial.

Affirmed.