Argued and submitted April 10, reversed and remanded with instructions
November 8, 1989

# REPUBLIC ALBANY CORPORATION,
*Respondent,*

*v.*

# GRICE,
*Appellant.*

## (87-0907; CA A48171)

781 P2d 1249

Edward J. Harri, Salem, argued the cause for appellant. With him on the briefs was Edward L. Daniels, Salem.

David B. Knower, Albany, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff brought this action for breach of a lease. Defendant counterclaimed, for constructive eviction, and affirmatively raised that plaintiff failed to comply with the lease and with oral representations made by plaintiff's representative regarding the lease.[1] The jury returned a general verdict for defendant. However, the trial court granted plaintiff's motion for new trial on the ground that it erred in its instructions to the jury. We reverse and remand.

Defendant, a chiropractor, entered into a five-year lease agreement with plaintiff in 1983 for the rental of office space. Defendant became increasingly dissatisfied with the conditions of the facility and, with about two years remaining on the lease, vacated the premises and stopped paying rent. Plaintiff relet the space at a lesser rate. Plaintiff then brought this action for the difference in rents.

■       Defendant argues that the trial court erred in granting plaintiff's motion for new trial. An order granting a new trial will be upheld if any ground in the motion is adequate to sustain the action, whether or not it was the stated basis for the trial court's ruling. *Snyder v. Hunter Room, Inc.,* 269 Or 536, 538, 525 P2d 1293 (1974).

Plaintiff asserted two grounds for new trial in its motion. First, it contended that, under ORCP 64B(5), there was insufficient evidence to sustain the verdict and that the judgment was "against law."[2] If a general verdict is returned,

---

[1] Defendant's answer affirmatively alleges that plaintiff had breached the written terms of the lease agreement, because it (1) failed to provide adequate off-street parking; (2) failed to keep the premises clean; (3) allowed loitering; (4) failed to provide defendant with a way to control the temperature of his office; and (5) failed to maintain the building as a "professional center." Defendant also alleged that, even if the written lease agreement did not require plaintiff to do those things, plaintiff's oral representations did.

[2] ORCP 64B provides, in pertinent part:

"A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"* * * * *

"(5) Insufficiency of the evidence to justify the verdict or other decision, or that it is against law.

"(6) Error in law occurring at the trial and objected to or excepted by the party making the application."

it is 'against law' only if there is no evidence to support it. Thus, if there is evidence to support a verdict, there is no basis for a new trial under ORCP 64B(5). The jury returned a general verdict, and we conclude that there was sufficient evidence to support it.

■    The second ground for a new trial asserted by plaintiff, under ORCP 64B(6), was that the court erroneously instructed the jury concerning the alleged oral representations.[3] Plaintiff argues that the instruction was improper, because it related to an affirmative defense that was stricken from the pleadings pursuant to plaintiff's ORCP 21 motion. However, defendant's answer and amended answer raised two affirmative defenses: one based on the written lease and the other on oral representations. Plaintiff's Rule 21 motion was directed only to the allegations concerning the written lease. The allegations relating to the oral representations remained a part of the pleadings, and evidence was received without objection concerning those allegations.

■■    Plaintiff also argues that, even if it failed to move against the allegations of oral representations, the trial court's instruction on those representations was wrong, because the court instructed on a contract theory when defendant pleaded misrepresentation.[4] We do not agree with plaintiff's reading of the pleadings. The pleadings concerning the oral representations allege that, in addition to the written lease provisions, plaintiff made oral representations that defendant relied on when he entered into the lease. Those allegations are contractual in nature and, therefore, the trial court's instruction was consistent with defendant's pleadings.

None of the grounds in plaintiff's motion for new trial warranted granting a new trial. Accordingly, the trial court erred in granting plaintiff's motion.

---

[3] The court instructed the jury:

"Now, as to these allegations regarding the oral promise or agreements that the plaintiff is alleged to have made, if you find that the plaintiff made the alleged promises and that the Defendant reasonably relied upon them, then you must decide whether plaintiff breached these agreements."

[4] Plaintiff argues in its brief, for the first time, that the instruction was erroneous, because evidence of oral agreements between plaintiff and defendant that add to the written terms of the lease would violate the Parol Evidence Rule. We do not address that argument because it was not raised as a ground in plaintiff's motion for new trial.

Reversed and remanded with instructions to enter judgment for defendant on the verdict.