Cline *v.* Broy.

JACOB CLINE, Plaintiff in Error, *v.* L. C. BROY, Defendant in Error.

<em>Error to Washington.—Assumpsit.</em>

The affidavit of jurors will not be received to impeach their verdict.

DEFENDANT in error is a physician, and brought suit against Cline for medicines and professional services. Verdict in favor of plaintiff for $38. Motion for a new trial. Motion overruled. Judgment on the verdict.

*J. McCabe*, for plaintiff in error.

*M. Chinn*, for defendant in error.

WILLIAMS, C. J. Plaintiff in error, it is said, was entitled to a new trial, for the reason that no bill of particulars was filed with the declaration, and because the jury adopted an illegal mode of ascertaining their verdict. The record shows that a bill of particulars was produced upon the trial, which the clerk testified was sent to him with the declaration, but which he omitted to mark "filed." This omission by the clerk cannot prejudice the rights of the plaintiff. The defendant in a case of this kind is entitled to a continuance, if no bill of particulars is filed, but cannot exclude plaintiff's

evidence, or defeat his action upon that ground. (*Gen. Laws, p.* 200.) One of the jurors who tried this case makes affidavit that each member of the jury marked his finding, and the aggregate of the different findings was divided by twelve, and the result taken and returned as a verdict. Nothing appears to prove the incorrectness of this verdict but the said affidavit, which will not be regarded as evidence for that purpose. Affidavit of jurors will not be received to impeach their verdict. (1 *Tenn. Rep.* 11; 5 *Cowen,* 106; 1 *Wendell,* 297; 2 *Tyler,* 11.) When a new trial will be productive of more injury than advantage to the party applying therefor, the court, in the exercise of a sound discretion, may refuse to grant such new trial; and, on account of the smallness of the verdict in this case, we think the decision of the court below right upon that ground.

Judgment affirmed.