Argued May 9, reversed and remanded with direction to
reinstate the judgment September 6, 1974

# SNYDER, *Appellant, v.* HUNTER ROOM, INC.,
## *Respondent.*
### 525 P2d 1293

*William F. Frye,* Eugene, argued the cause and filed briefs for appellant.

*Ridgway K. Foley, Jr.,* Portland, argued the cause for respondent. With him on the brief were James B. O'Hanlon, and Souther, Spaulding, Kinsey, Williamson & Sch be, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, HOWELL, and BRYSON, Justices.

HOLMAN, J.

This is an action by plaintiff for damages re-

sulting from personal injuries suffered while a patron of defendant's bar. A judgment was entered for plaintiff pursuant to a jury verdict, but the trial court, upon defendant's application, granted defendant a new trial. Plaintiff appeals from the order granting the new trial.

The facts of the case are relatively unimportant to this appeal. Plaintiff, while a patron of defendant's bar, was severely beaten by motorcycle chains and cut by a beer can opener and broken glass by three other patrons when he went to the aid of a woman who was being dragged along the floor by her hair. Plaintiff contended he was injured because of defendant's failure to use reasonable care for the safety of its patrons, and the jury so found.

■ There were numerous grounds stated in the motion for a new trial but only three of them are in issue in this appeal. The trial judge did not state in his order the grounds upon which he allowed the new trial. However, the defendant stated in his application to supplement the record that the new trial was granted on the basis of an instruction which the trial court thought was incorrect, and the plaintiff agrees. Nevertheless, an order of a trial court granting a new trial will be upheld if any ground in the motion is adequate to sustain such action whether or not it was the basis for the trial judge's ruling. *Goggan v. Consolidated Millinery,* 242 Or 328, 331, 409 P2d 174 (1966); *Highway Commission v. Fisch-Or,* 241 Or 412, 418, 399 P2d 1011, 406 P2d 539 (1965).

■ This court usually defers to the trial court's determination of the prejudicial effect of any error which is committed. *Stoneburner v. Greyhound Corp. et al,* 232 Or 567, 570, 375 P2d 812 (1962). On appeal, the law compels a much stronger showing in order to

justify reversal of an order granting a motion for a new trial than it does in order to justify reversal of an order denying such a motion. *Hillman v. Northern Wasco Co. PUD,* 213 Or 264, 275, 323 P2d 664 (1958). However, the trial court may grant a new trial only where there is a substantial chance of prejudice. *Landolt v. The Flame, Inc.,* 261 Or 243, 262, 492 P2d 785 (1972); *Garber v. Martin,* 261 Or 410, 421, 494 P2d 858 (1972) (dissenting opinion of Tongue, J.); *McIntosh v. Lawrance,* 255 Or 569, 572, 469 P2d 628 (1970).

■ The principal issue is the propriety of the following instruction which was given by the court:

"* * * It is not necessary to render the defendant liable, that any of the defendant's officers, employees or agents should have been able to foresee the exact manner in which the plaintiff's injuries would be received. Liability is not dependent on a defendant foreseeing that *the injury* could result from some act or failure to act. It is sufficient, if in view of all of the circumstances, the defendant should have foreseen that any act or omission on its part would probably result *in an injury of some kind to someone.*

"If you find that the altercation in which the plaintiff alleged he was injured happened suddenly and unexpectedly and could not reasonably have been anticipated by a reasonably prudent person in the exercise of reasonable care, then the defendant would not be considered negligent * * *." (Emphasis ours.)

The bone of contention is the second sentence of the quoted instruction. While the instruction is not a model of its kind and the meaning of the second sentence tends to be obscure, we do not believe the instruction is erroneous. "[T]he injury" in the sentence in question undoubtedly refers to the injury to plain-

tiff as compared with "an injury of some kind to someone" in the next sentence. The instruction is telling the jury not only that the defendant does not have to foresee in exactly what manner the injury would be inflicted but also that he does not have to foresee the specific injury to plaintiff—only that someone would be in danger of some injury. We conclude that the instruction was not an adequate basis for a new trial.

■ The next basis for a new trial was the court's allowance over defendant's objection of the testimony of plaintiff's witness Roberts that he was intoxicated. The witness testified he was intoxicated and could not see what occurred from where he was sitting because of an obstruction of his view. Under direct examination he testified to nothing else. On this basis there was no reason to allow the evidence of the witness's intoxication, and the trial judge was in error. However, on cross-examination, the witness gave testimony concerning the appearance upon entrance of the persons who inflicted the injuries, the quickness with which the fight erupted, and that he heard no loud or boisterous conduct prior to the altercation. His degree of intoxication, if any, became relevant upon testifying to such observations; therefore, any error was cured.

The third ground for a new trial was the following testimony of plaintiff, who claimed to be a male model, which resulted in a request for a mistrial and a denial of the request by the court:

"Q And, is there, in that same vein, Mr. Snyder, prior to being hurt, were you able to pose both smiling and other ways for your pictures?

"A Yes, I was.

"Q Now, is there a restriction that you have on that?

"A Well, I can't do a bright smile.

"Q Why?

"A Well, if I might demonstrate to the jury; in the modeling we have smiles that are done with the eyes. I don't know if you can see—(demonstrating.) Then you have a smile that is kind of a little thing out of the side of your mouth. You don't really show a whole lot of teeth; and then you have the one that goes a little brighter which you do smile, you know, like that. (Demonstrating).

"A lot of it is kind of phony looking, but it's the way we do it, and then, of course, we have the elation smile which is the top of the thing like that and, I can't open my mouth other than that. Otherwise the uneven teeth show up and I haven't been able to afford to have them fixed yet."

The latter part of the answer concerning what he could afford certainly was not solicited by plaintiff's attorney and is the typical type of response a layman would make who has no knowledge of what constitutes relevant evidence. It is not the kind of conduct which requires punishment on the basis that it was intentional. The real question, however, is whether it was prejudicial. It is true, as previously observed, that we normally allow a trial judge to decide whether irrelevant testimony is prejudicial. However, there are situations in which the chance of prejudice is so small, when weighed against the public's interest in efficient judicial administration which is antithetical to new trials, that an appellate court may say a trial judge had no basis for granting a new trial. We believe this is such a case. If all cases are going to be retried which have error in them of no more consequence than this, it will be difficult to find a judgment we can affirm.

It is our conclusion that there were insufficient grounds upon which to grant a new trial. The order granting a new trial is reversed, and the case is remanded to the trial court with the direction to reinstate the judgment.