Argued and submitted November 15, 1989, reversed and remanded with instructions
to reinstate verdict and enter judgment accordingly May 23, reconsideration denied
July 25, petition for review denied August 28, 1990 (310 Or 281)

McWILLIAMS,
*Respondent,*

*v.*

SZYMANSKI,
*Appellant.*

McWILLIAMS,
*Respondent,*

*v.*

SZYMANSKI,
*Appellant.*

(A8612-07753, A8612-07756; CA A49515)

792 P2d 457

Thomas W. Brown, Portland, argued the cause for appellant. With him on the briefs was Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Lawrence Matasar, Portland, argued the cause for respondents. With him on the brief was Hoffman, Matasar & Glaeser, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

## DEITS, J.

This appeal involves two negligence cases, consolidated for trial, seeking money damages arising out of an auto accident that occurred in October, 1985. The accident resulted in personal injury to plaintiff Timothy McWilliams and loss of consortium to plaintiff Michele McWilliams. The jury found that the damages to Timothy were $140 and that defendant was 60 percent negligent and Timothy 40 percent. Timothy received an award of $84. The jury found that there were no money damages to Michele. Plaintiffs filed a motion for new trial. The trial court granted the motion, and defendant appeals. We reverse.

On the same day that plaintiffs filed their complaints, they also filed complaints against a third party, DeWhitt, relating to an auto accident involving Timothy and DeWhitt that occurred in December, 1984.[1] The DeWhitt complaints alleged the same injuries and medical symptoms as those alleged against defendant here and prayed for the same money damages. Plaintiffs received $25,000 in settlement of the DeWhitt case. Before trial in these cases, plaintiffs filed a motion requesting that the court not admit the complaints filed against DeWhitt. They argued that they were not admissible under OEC 403 or, in the alternative, that, if the complaints were admitted, they should be allowed to present evidence explaining the circumstances of the settlement. The trial court denied the motion, holding that the DeWhitt complaints were admissible.

Plaintiffs moved for a new trial on a number of grounds, including that they should have been allowed to present evidence concerning the circumstances of the filing of the complaints in the DeWhitt case. They contended that that was an error of law and, under ORCP 64B(6), justified a new trial. The trial court allowed the motion, stating:

> "This Court's ruling disallowing plaintiffs to put on testimony regarding the circumstances surrounding the filing of identical complaints, involving two separate accidents was prejudicial and prevented plaintiffs from having a fair trial."

---

[1] Although plaintiffs refer to the DeWhitt complaint in the singular, they filed two complaints against DeWhitt, and both were admitted. We assume their argument concerns the admission of both complaints.

■      Defendant argues that, even if the trial court's failure to allow evidence concerning the circumstances of the filing of the DeWhitt complaints was error, it was not excepted to at trial, as required by ORCP 64B(6).[2] We agree. During trial, plaintiffs testified that, when the complaints were filed, they did not know which accident caused which injuries. The other evidence that they sought to introduce concerned only the circumstances of the *settlement* of the DeWhitt case.[3] Plaintiffs never offered additional evidence concerning the circumstances of the complaints' *filing*. They, therefore, did not raise the issue of whether further evidence concerning the filing should have been admitted. Accordingly, this was not a proper basis for the trial court's granting of a new trial under ORCP 64B(6).

■■      Although the trial court erred in granting the new trial on the ground that it did, an order granting a new trial will not be reversed if it can be supported by any of the grounds on which it was sought. *Snyder v. Hunter Room, Inc.,* 269 Or 536, 525 P2d 1293 (1974). Plaintiffs sought a new trial on a number of other grounds. They argued that a new trial should have been granted because, as a matter of law, the trial court erred in admitting the complaints as "judicial admissions." However, even assuming that it was improper to characterize the pleadings as "judicial admissions," the trial court did not indicate that that was the basis on which they were being admitted. In any event, the complaints were admissible as "admissions by a party opponent" under OEC 801(4)(b)(A). *See Stone v. Stone,* 268 Or 446, 521 P2d 534 (1974).

■      Plaintiffs also contend that the trial court erred in its assessment under OEC 403 of the relevancy of the complaints

---

[2] ORCP 64B provides in part:

"A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"* * * * *

"(6) Error in law occurring at the trial and *objected to or excepted to by the party making the application.*" (Emphasis added.)

[3] Although the trial court initially refused to allow plaintiffs to offer any evidence concerning the settlement, it eventually allowed them to offer evidence that the DeWhitt case was settled and the amount of the settlement.

and the prejudicial effect of their admission. The trial court did not abuse its discretion in admitting the complaints. *See Arnold v. Burlington Northern Railroad,* 89 Or App 245, 249, 748 P2d 174, *rev den* 305 Or 576 (1988).

Plaintiffs argue that the order for a new trial may be granted under ORCP 64B(1) because of:

"Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial."

Plaintiffs assert that the court's evidentiary error in admitting the complaints was an "irregularity" under that subsection. However, even if that subsection did provide a basis for the granting of a new trial, as discussed above, the trial court did not err in admitting the complaints.

Reversed and remanded with instructions to reinstate verdict and enter judgment accordingly.