Argued and submitted November 14, 1997, reversed and remanded for reinstatement of judgment on appeal; affirmed on cross-appeal February 18, 1998

## LELAND PROPERTIES, INC.,
dba Fornay Homes,
*Respondent - Cross-Appellant,*

*v.*

## BURTON ENGINEERING AND SURVEY CO.,
*Appellant - Cross-Respondent.*

(9404-02932; CA A89435)

954 P2d 851

Nickolas J. Dibert argued the cause for appellant - cross-respondent. With him on the briefs were Lisa E. Lear and Bullivant, Houser, Bailey, Pendergrass & Hoffman, P.C.

Garth T. Galyon argued the cause for respondent - cross-appellant. On the briefs was David Nathan Allen.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

## LINDER, J.

This is an action for breach of contract and negligence. Defendant appeals, assigning error to the trial court's grant of a new trial under ORCP 64 B(1). Plaintiff cross-appeals, assigning error to the trial court's pretrial ruling excluding evidence of "lost profits" damages. We affirm on the cross-appeal without discussion. We reverse on defendant's appeal, for the reasons that follow.

The issue on appeal relates to the form of the trial court's instructions to the jury.[1] After the trial court and counsel had conferred on which instructions would be given, plaintiff's counsel asked whether the jury could have access to the instructions while it deliberated. The court told counsel that was possible, if counsel was willing to put the instructions in writing. The trial court then also explained: "What I do is record just on a little cassette all of the instructions and if they have questions about one or another, I give them all of them and tell them to consider them all together." Neither party specifically commented on what procedure the court should follow, apparently assenting to the trial court's standard practice. The trial court proceeded to instruct the jury. Upon finishing, it discovered that it had forgotten to turn on the cassette tape recorder and commented:

> "Amazing. This is the first case in two years I forgot to turn it on. Don't make me have to do these again. Don't ask any questions about what I've said. But, if you have questions, we'll deal with them. All right. The next time I don't hit that, tell me. It must be Monday morning."

Neither party objected or suggested that corrective action should be taken. The jury retired to deliberate and later returned with its verdict. By a 10-2 vote, the jury found in favor of plaintiff on the breach of contract claim and

---

[1] Although plaintiff moved for new trial on several grounds, the trial court granted the motion only under ORCP 64 B(1). Nevertheless, a grant of a new trial may be sustained on any ground on which it was sought. *Schacher v. Dunne*, 109 Or App 607, 609, 820 P2d 865 (1991), *rev den* 313 Or 74 (1992). On appeal, plaintiff renews its argument that a new trial should have been granted because the evidence was insufficient to support the verdict. *See* ORCP 64 B(5). We have considered that argument and find it to be without merit. Neither the bench nor the bar would benefit from our discussion of that ground.

awarded plaintiff $200 in damages. On the negligence claim, also by a 10-2 vote, the jury found plaintiff 51 percent negligent and defendant 49 percent negligent, and awarded no damages.

After judgment was entered, plaintiff moved for a new trial. Pursuant to ORCP 64 B(1), plaintiff argued that the trial court's failure to record the jury instructions was an "irregularity in the proceedings by which [plaintiff] was prevented from having a fair trial." To support the motion, plaintiff attached the affidavits of the two dissenting jurors, who had contacted counsel after the trial to express their dissatisfaction with the verdict. One of those jurors had written the judge a letter about the verdict as well. In the affidavits, both jurors stated that the members of the jury may have differed in their understanding of the applicable law. The dissenting jurors averred that, because the instructions were not available during deliberations, they were unable to use the instructions to "advocate" for plaintiff and against the position of the rest of the jurors. Both affidavits concluded by stating that, because the instructions were not tape recorded, the jurors assumed that the instructions were not available and felt that they had to rely on their notes only, which were incomplete or unusable.

In opposition to the motion, defendant urged that the trial court's failure to record the instructions was not error and, thus, there was not an "irregularity" in the proceeding; that plaintiff had not objected to the failure to record the instructions or asked the trial court to cure the omission, thereby waiving the issue; and that plaintiff's reliance on juror affidavits to establish juror misconduct or prejudice was an inappropriate intrusion into the jurors' deliberations. Defendant argued, alternatively, that if the trial court considered the affidavits of the two dissenting jurors, it should contact the other jurors to obtain their views on whether they were confused about or unsure of the applicable law.

The trial court granted a new trial. In so ruling, the trial court explained that this was the only instance in two years in which it had not recorded the instructions and in which a juror had contacted it about the verdict. The trial court was unwilling to obtain the majority jurors' views,

because that would require the lawyers to initiate contact with the jurors, which the court considered inappropriate. On the basis of the dissenting jurors' affidavits, however, the trial court concluded that the jurors had needed further help on certain aspects of the instructions and, accordingly, a new trial was warranted under ORCP 64 B(1).

In relevant part, ORCP 64 B provides:

"A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"(1)   Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having fair trial."

The first part of ORCP 64 B(1) inquires into any "[i]rregularity in the proceedings of the court, jury or adverse party" that prevented a party from having a fair trial. That inquiry is further qualified by the introduction to the rule, which states that the cause upon which a motion for new trial is raised must materially affect the substantial rights of the moving party. *D.C. Thompson and Co. v. Hauge,* 300 Or 651, 656, 717 P2d 1169 (1986). Plaintiff argues that the "irregularity" involved in this case, *i.e.,* the failure to tape record the instructions was legal error under ORCP 59 B. ORCP 59 B provides that a trial court *shall* reduce jury instructions to written or electronically recorded form and permit the jury to consider them while it deliberates if a party requests it or if the court considers it desirable to do so.[2] Plaintiff urges that the rule's mandatory requirement was triggered here by the trial court's practice of tape recording jury instructions as a matter of course.

---

[2] ORCP 59 B provides, in pertinent part:

"If either party requires it, * * * or if in the opinion of the court it is desirable, the charge shall either be reduced to writing * * * or recorded electronically during the charging of the jury. The jury shall take such written instructions or recording with it while deliberating upon the verdict[.]"

We disagree. Under ORCP 59 B, in the absence of a party's request, the decision whether to submit the instructions to the jury in written or recorded form is not determined by a trial court's standard procedure. It is, rather, a discretionary decision, resting on the trial court's assessment of the "desirability" of doing so in a specific case. Significantly, here, at the point that the trial court recognized that it had failed to turn on the cassette recorder, it was not too late to give the instructions to the jury in written or recorded form. The trial court made a conscious determination at that point as to the best procedure to follow. It implicitly concluded that, on balance, recorded instructions were not sufficiently desirable to warrant a special effort to reduce them to written or recorded form for the jury. Neither party requested that the court proceed differently.

■■ Under those circumstances, the trial court did not violate ORCP 59 B. Accordingly, while there may have been an "irregularity" in the proceedings in the sense that the trial court inadvertently did not follow its usual practice, the failure to record the instructions did not violate ORCP 59 B, much less constitute an irregularity sufficient to amount to *reversible error* in the proceedings:

> "[B]efore the court is authorized to [grant a new trial on grounds of error or irregularity], the error must have been prejudicial, and it must have prevented the party in whose interest the power is invoked from having his case fairly presented and tried, and we think *it must have been an error which* if the matter had been seasonably called to the attention of the court and an adverse ruling made and an exception taken, *would have been sufficient to justify the reversal of the judgment upon appeal*; for as has been said, 'no man is entitled to more than one fair trial,' and therefore insignificant errors or irregularities which are not prejudicial are not grounds upon which a trial court is authorized to exercise the power of setting aside a judgment on a verdict and granting a new trial." *Timmins v. Hale*, 122 Or 24, 32, 256 P 770 (1927) (emphasis supplied).

■■ It is unclear from the record whether the trial court considered the juror affidavits only to decide prejudice, or whether the trial court also concluded from them that the

jury's uncertainty about the instructions was a further irregularity in the proceedings.[3] Either way, consideration of the affidavits was improper. Few principles are more time honored in our jury system than the rule that affidavits of jurors will not be considered as evidence to impeach the jury's verdict. Juror affidavits long have been deemed inadmissible to show the deliberations of, and oral communications between, the jurors to establish that the jurors did not arrive at their verdict properly. *See, e.g., Winters v. Bisaillon*, 152 Or 578, 580, 54 P2d 1169 (1936) (jurors disregarded and refused to follow instructions on the law); *State v. Smith*, 43 Or 109, 118, 71 P 973 (1903) (juror too ill to participate in the deliberations); *Cline v. Broy*, 1 Or 89, 90 (1854) (jurors used inappropriate calculation of damages). The rule's purpose is fundamental, as well as salutary. Jurors, as lay persons, cannot be expected to try cases perfectly. The risk that an improper or erroneous consideration "may or may not find its way into a jury's deliberation is simply a risk that litigants assume when they submit their disputes for determination by the jury system." *Carson v. Brauer*, 234 Or 333, 346, 382 P2d 79 (1963). If judgments are to terminate controversies and provide finality, the deliberations of juries must be insulated from examination for anything but misconduct that amounts to a serious and flagrant breach of a juror's duties, such as a criminal obstruction of justice. *Id.* at 342-43.

█        Here, the trial court considered the affidavits to establish that at least two of the jurors were unsure of the court's instructions, may have misunderstood them, and thought they were limited to their notes and memories on the relevant law.[4] That irregularity does not rise to the level of

---

[3] In its written order, the trial court stated that the affidavits "raise questions about the jurors' understanding of the law and facts during their deliberations." The trial court then found that because it "failed to record the jury instructions and permitted the jury to deliberate without them, the[re] may have been a prejudicial irregularity in the proceedings."

[4] It is worth noting that although the trial court, after discovering its mistake, said it did not want to have to repeat the instructions or answer questions about them, the hearing on the motion for new trial suggests that those portions of the trial court's comments were said in humor. In fact, the trial court immediately followed those comments with a statement that if the jury had questions, the trial court would "deal with them." In their affidavits, both dissenting jurors said that because the instructions were not recorded, they thought they had to rely on their own memories and notes. They did not state that they felt foreclosed by the trial court's comments from asking questions.

misconduct that permits an inquiry into the jury's deliberations and impeachment of the jury's verdict. The trial court therefore should not have considered the jurors' affidavits. *See State v. Wilson*, 177 Or 637, 644, 164 P2d 722 (1945) (error to consider juror affidavit that one of the jurors had advised the others about her own understanding of the law on a particular point); *see also Ertsgaard v. Beard*, 310 Or 486, 496, 800 P2d 759 (1990) (affidavits may not be considered to the extent that they relate to the mental processes used by the jurors in reaching their verdict).[5]

Our review is for abuse of discretion. *Id.* However, as the Supreme Court has said, "as between the conflicting principles of allowing the trial judge wide discretion in granting new trials and of protecting the jury system as an effective method of deciding disputes * * * the latter [is] of the greater consequence." *Schmitz v. Yant*, 242 Or 308, 314, 409 P2d 346 (1965). The trial court's discretion, therefore, is constrained by the legal principles that control when juror affidavits are and are not to be considered in impeaching the jury's verdict. *Id.* at 314-16. The trial court's regret at its own inadvertence in not following its usual procedure of recording the instructions is understandable. Its best judgment at the time of the mistake, however, was that the preferable course was to permit the jury to deliberate without written or recorded instructions. That was not error, much less reversible error. The only basis on which the trial court second guessed itself and determined that it should have taken corrective action was the juror affidavits, which were beyond its discretion to consider. Accordingly, we reverse the judgment granting a new trial.

On appeal, reversed and remanded for reinstatement of the judgment entered on jury verdict; affirmed on cross-appeal.

---

[5] The consequences of using juror affidavits to disclose the jury's mental processes or its understanding of the relevant law would be all the more pernicious if, as here, the affidavits of only the *dissenting* jurors were permitted to impeach the verdict of the *majority* on that basis.