Argued and submitted August 13, 2008, reversed and remanded with instructions to reinstate judgment April 29, 2009

Ruth McCOLLUM,
*Plaintiff-Respondent,*

*v.*

KMART CORPORATION,
a Michigan corporation doing business in Oregon,
*Defendant-Appellant.*

Multnomah County Circuit Court
050606750; A134457

207 P3d 1200

Michael T. Garone argued the cause for appellant. With him on the briefs were Amanda T. Gamblin and Schwabe, Williamson & Wyatt, P.C.

Dylan R. Lawrence argued the cause for respondent. With him on the brief were Sam Hochberg & Associates and Kathryn H. Clarke.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

HASELTON, J.

## HASELTON, J.

In this personal injury action, defendant Kmart Corporation appeals from an order that set aside a judgment for defendant and granted plaintiff Ruth McCollum a new trial under ORCP 64 B(1) and (6). Plaintiff defends the trial court's reasoning, urges, alternatively, that she was entitled to a new trial under ORCP 64 B(4), and also advances, by way of a "cross-assignment of error," an additional, potential alternative basis for affirmance. We conclude that the trial court erred in granting the motion for new trial on its stated grounds, and we reject plaintiff's alternative contentions. Accordingly, we reverse and remand.

The operative facts, for purposes of our analysis and disposition, are uncontroverted. The denial of plaintiff's motion to compel production of certain incident reports, the allowance of defendant's *in limine* motion to exclude plaintiff's testimony regarding an encounter with another customer, and the denial of plaintiff's request for an *in camera* review are central to the parties' dispute. Consequently, we recount those matters in detail.

In June 2005, plaintiff filed this personal injury action alleging that she had been injured at defendant's Sandy Boulevard store in Portland. According to plaintiff, at about 8:30 p.m. on June 25, 2003, she slipped and fell because of the presence of a slippery foreign substance on the floor of the store's main aisle. Plaintiff alleged that defendant had been negligent in several particulars, including placing the substance on the floor, failing to warn of the presence of the substance, failing to restrict access to the area until the substance was removed, and failing to use a nonskid surface on the floor in that area.

In November 2005, plaintiff requested that defendant produce, among other items, "[c]opies of reports of all similar incidents prepared by any and all employees of the premises in question from January 1, 1997 up to and through the present." Defendant objected to that request on the basis that (1) "it is vague, overbroad, and unduly burdensome" and (2) "production of such information is not reasonably calculated to lead to the further discovery of admissible evidence."

Plaintiff subsequently moved to compel production of, *inter alia*, those incident reports. Plaintiff contended that those documents were reasonably calculated to lead to the discovery of admissible evidence because they would lead to information that would help establish defendant's knowledge of potentially dangerous conditions and would show that defendant should have known that failure to conduct floor inspections resulted in injuries.

Defendant opposed that motion, arguing that, to the extent that any prior "slip-and-fall" incidents did not result in litigation, documents pertaining to those incidents were not reasonably calculated to lead to the discovery of admissible evidence. Defendant also remonstrated that incident reports from several years before plaintiff's alleged injury were not relevant to establish knowledge of the alleged slippery substance on the ground on the date of plaintiff's fall. Finally, defendant asserted that claims and complaints involving unadjudicated allegations had negligible probative value.

The Honorable Jean K. Maurer[1] denied plaintiff's motion to compel, without specifying the bases for that denial. Plaintiff did not thereafter seek to modify or narrow the scope of her request for production.

Before trial, defendant moved *in limine* to exclude certain anticipated testimony by plaintiff. According to defendant, during the course of plaintiff's deposition, plaintiff had testified that, on the night of plaintiff's fall, she spoke to a woman who, according to plaintiff, was at the jewelry counter "waiting for an incident report." Defendant emphasized that the woman's identity was unknown and that she had not described to plaintiff the circumstances of the incident she was waiting to report. Defendant sought to exclude testimony "concerning [plaintiff's] conversation with this woman." Specifically, defendant contended that, because both the identity of the woman and the nature of the incident she was waiting to report were unknown, the evidence should

---

[1] Judge Maurer, the judge who ruled on plaintiff's motion to compel, did not sit as the trial judge on the case. To distinguish between Judge Maurer and the trial judge, we shall hereinafter identify Judge Maurer by name and refer to the trial judge as the "trial court."

be excluded on the basis that it was irrelevant, hearsay, and potentially unfairly prejudicial to defendant.

At the pretrial conference on the morning of trial, plaintiff opposed that motion, responding that the testimony was probative in that the jury could properly infer from that evidence that someone else had slipped in the same area, and around the same time, as plaintiff, and was waiting to report an incident for that reason. The trial court granted defendant's motion and excluded the testimony, reasoning that "it may be probative, but I think that any probative value is really outweighed by potential for undue prejudice and confusion, assuming it's not hearsay."

Plaintiff then immediately asked the trial court if it would engage in an *in camera* review of "that incident report":

> "[I]f you could do an in-camera review of that incident report, *if they have that with them*, and see if it does relate to a slip in that same area."

(Emphasis added.) The trial court agreed to look at the report. However, defendant told the trial court that, because Judge Maurer had previously ruled that defendant was not required to produce the prior claims history requested by plaintiff, defendant did not have the incident report with it in the courtroom—and, indeed, did not know whether such a report existed. Defendant also contended that the trial court should not engage in an *in camera* review because the nature of the incident that the woman was allegedly waiting to report was unknown.

The trial court rejected the latter reason, but stated, "if you don't have the report, I don't think on the state of the record there's anything I can do if they don't have the report." The trial court also referred to Judge Maurer's earlier discovery ruling and observed, "And there was a ruling on that." Plaintiff responded that Judge Maurer's ruling did not address the particular issue of an incident report from the evening of plaintiff's alleged injury, but, rather, simply refused to compel production of defendant's entire incident report history for the Sandy Boulevard store over a span of eight years. The trial court responded, "Okay. Well, I—it's

not here, so I can't look at it." Plaintiff responded, "Okay." Plaintiff did not ask the court to defer ruling on her request for an *in camera* review until defendant could produce for the court's review any incident reports generated on the evening of plaintiff's alleged fall.

The case proceeded to trial. During plaintiff's case-in-chief, her counsel examined Riggs, a loss prevention manager for defendant. Riggs testified that all employees inspect the floor as they move about the store. Defendant subsequently called Riggs to testify during its case. On plaintiff's cross-examination of Riggs, plaintiff asked whether Riggs was "aware if anyone else slipped and * * * fell on the same substance prior to [plaintiff] on the night of the incident." Riggs replied, "I am not aware." On redirect examination by defense counsel, Riggs testified regarding methods of preventing falls and stated, "[I]f having all those associates on the floor didn't provide a track record of success, then we wouldn't train our associates to look."

The jury returned a defense verdict. Plaintiff subsequently moved for a new trial pursuant to ORCP 64 B, which provides, in part:

> "A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

> "B(1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having fair trial.

> "* * * * *

> "B(3) Accident or surprise which ordinary prudence could not have guarded against.

> "B(4) Newly discovered evidence, material for the party making the application, which such party could not with reasonable diligence have discovered and produced at the trial.

> "* * * * *

"B(6) Error in law occurring at the trial and objected to or excepted to by the party making the application."

Plaintiff invoked ORCP 64 B(1), (3), and (4) in support of her motion. Plaintiff identified three predicate rulings that she argued warranted a new trial: (1) Judge Maurer's denial of plaintiff's motion to compel defendant's prior claims history, which encompassed the alleged incident report; (2) the trial court's allowance of defendant's motion *in limine*; and (3) the trial court's ultimate denial of plaintiff's request to review the alleged report *in camera*. Plaintiff contended that those rulings prejudiced her because they denied her access to another incident report that likely involved an incident that occurred on the same evening prior to her fall. Plaintiff asserted that the nonproduction of that report prevented her both from obtaining evidence that was probative to demonstrate that defendant had notice of unsafe conditions and from properly impeaching Riggs's testimony. Plaintiff also argued that she was prejudiced when, after defendant had previously argued in opposition to plaintiff's motion to compel that defendant's prior claims history was not relevant, defendant elicited testimony from Riggs that defendant had a "track record of success." Finally, plaintiff contended that, under ORCP 64 B(4), the incident report—assuming one existed—constituted "newly discovered evidence."

In conjunction with the new trial motion, plaintiff requested that the trial court order production of defendant's claims history for the 10 years prior to the date of plaintiff's fall—or, at the very least, to require defendant to produce the complete report involving the other incident that allegedly occurred on the same evening. In the alternative, plaintiff requested that the trial court review that incident report *in camera* to assist its determination as to whether a new trial should be granted.

Defendant opposed the new trial motion on a variety of grounds. First, defendant argued that nothing in plaintiff's motion demonstrated that an irregularity or abuse of discretion occurred by which plaintiff was prevented from having a fair trial for purposes of ORCP 64 B(1). Second, defendant contended that plaintiff failed to demonstrate that an "accident or surprise" occurred under ORCP 64 B(3), because

plaintiff had known about a possible incident report at least as early as two months before trial, when she filed her motion to compel. Finally, defendant argued that plaintiff was not entitled to a new trial under ORCP 64 B(4) because, according to defendant, plaintiff could have discovered any other contemporaneous incident report with "reasonable diligence."

During the hearing on the motion, the trial court agreed to review *in camera* all incident reports generated from the Sandy Boulevard Kmart location on the date of plaintiff's alleged injury. That *in camera* review revealed a five-page incident report involving the slip and fall of a customer, West (the "West incident report"). The West incident report, which was filled out by both West and store employees, reported that she fell after slipping on "purple bubble bath" on the floor at register 9 at 8:40 p.m.

After reviewing the West incident report, the trial court granted plaintiff's motion for a new trial. Specifically, the court stated that, "[b]ased on the in-camera review," plaintiff was entitled to a new trial not only under ORCP 64 B(1), but also under ORCP 64 B(6)—which plaintiff had not invoked in support of her motion for new trial.[2] The trial court reasoned:

"[A]t the time of trial, defendant's representative, * * * Riggs, was allowed to testify that the store had no prior

---

[2] During the hearing on the motion, the trial court told the parties that it was considering ORCP 64 B(6) as a possible ground for granting a new trial:

"There's also a subsection 6, that you didn't cite, that has to do with errors of law. It would seem to me that if there is a basis for your motion, it would—it has to do with the Court's ruling on the evidentiary objection that you made.

"* * * * *

"If the plaintiff has a basis here for a new trial, it would be, I think, on this record either subsection 1 relating to irregularities, or subsection 6 relating to an error in law, based on the Court's evidentiary ruling, overruling plaintiff counsel's objection to defense counsel's inquiry about other claims."

Defendant did not object that the court's *sua sponte* invocation and consideration of ORCP 64 B(6) violated ORCP 64 D, which provides, in part:

"In all cases of motion for a new trial, the grounds thereof shall be plainly specified, and *no cause of new trial not so stated shall be considered or regarded by the court.*"

(Emphasis added.) On appeal, defendant does not assign error to the trial court's consideration of ORCP 64 B(6).

notice of a hazardous condition. The [West incident report] raises a fact question for the jury as to the veracity of Mr. Riggs['s] testimony on these issues. The Court's pretrial ruling relating to the incident precluded plaintiff from cross-examining Mr. Riggs about another slip and fall occurring in close proximity in time to this incident. In addition, Mr. Riggs testified that defendant's policy did not include scheduling floor inspections at regular intervals but instead generally relied on store associates to monitor for safety. He testified that he would look for a different way to address hazards in the store if he was informed that the current policy was not effective."

The court concluded that its pretrial ruling constituted

"an '[i]rregularity in the proceedings of the court * * * or [an] order of the court, or abuse of discretion, by which [a] party was prevented from having [a] fair trial.' ORCP 64 (B)(1). The pre-trial ruling was also an '[e]rror in law occurring at the trial and objected to by the party making the application.' ORCP 64 (B)(6)."

(Brackets in original.) Accordingly, the trial court granted plaintiff's motion for a new trial.

Defendant appeals, assigning error to the trial court's allowance of plaintiff's motion for a new trial under ORCP 64 B(1) and (6). Plaintiff responds that a new trial was properly granted under either of those provisions.[3] As an alternative basis for affirmance, plaintiff argues that a new trial would have been properly granted under ORCP 64 B(4) because the West incident report constitutes "newly discovered evidence" that plaintiff "could not with reasonable diligence have discovered and produced at trial." *See Snyder v. Hunter Room, Inc.*, 269 Or 536, 538, 525 P2d 1293 (1974) ("[A]n order of a trial court granting a new trial will be upheld if any ground in the motion is adequate to sustain such action whether or not it was the basis for the trial judge's ruling.").[4] In addition, plaintiff advances a "cross-assignment of error," contending that Judge Maurer's denial of plaintiff's motion to

---

[3] Plaintiff also asserts that several of defendant's contentions on appeal are not preserved. We reject that argument without published discussion.

[4] On appeal, plaintiff does not renew her contention that she is entitled to a new trial under ORCP 64 B(3).

compel was erroneous and constitutes an additional ground for allowing a new trial.

Before addressing the substance of the parties' particular contentions, it is useful—indeed, essential—to revisit the content and structure of ORCP 64 B, and specifically subsections (1), (4), and (6). Again, those provisions provide:

> "A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

> "B(1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having fair trial.

> "* * * * *

> "B(4) Newly discovered evidence, material for the party making the application, which such party could not with reasonable diligence have discovered and produced at the trial.

> "* * * * *

> "B(6) Error in law occurring at the trial and objected to or excepted to by the party making the application."

Those provisions, perhaps surprisingly, are derived from the Deady Code and are remarkably similar to analogous provisions as originally enacted in 1862:

> "The former verdict or other decision may be set aside and a new trial granted on the motion of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party:

> "1. Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion by which such party was prevented from having a fair trial;

> "2. Misconduct of the jury or prevailing party;

> "3. Accident or surprise which ordinary prudence could not have guarded against;

"4. Newly discovered evidence, material for the party making the application, which he could not with reasonable diligence have discovered and produced at the trial;

"5. Excessive damages, appearing to have been given under the influence of passion or prejudice;

"6. Insufficiency of the evidence to justify the verdict or other decision, or that it is against law;

"7. Error in law occurring at the trial, and excepted to by the party making the application."

General Laws of Oregon, Civ Code, ch II, title VIII, § 232, p 197 (Deady 1845-1864).

Four aspects of the new trial provisions, as originally enacted and in their present form, are striking. *First*, both within subsections, and among subsections, the rule prescribes distinct and yet functionally overlapping "triggers" for the allowance of a new trial. "Irregularit[ies]," "order[s] of the court," "abuse[s] of discretion," and "error[s] in law," while generally distinct concepts, can, and often do, overlap.

*Second*, the rule does not itself define its operative terms. Some are essentially self-defining (*e.g.*, "abuse of discretion," "error in law") or have been refined through case law application over nearly 150 years (*e.g.*, "[i]rregularity in the proceedings of the * * * jury"). But others—"[i]rregularity in the proceedings of the court" or "any order of the court"—are so amorphous that, without some limitation, they would subsume the others and subvert the coherent and principled application of the rule.

*Third*, in closely related fashion, consistently with principles of statutory construction, all provisions of ORCP 64 B(1) must, to the extent possible, be construed in such a way "as will give effect to all." ORS 174.010. Thus, for example, the more general language of subsection (1) should not be construed in such a way as to abrogate the limitations of the more particularized grounds for new trial prescribed in other subsections, including, as pertinent in this case, subsections (4) and (6).

*Fourth*, application of the rule must comport with the constitutional constraints on overturning a jury's verdict, as

prescribed in Article VII (Amended), section 3, of the Oregon Constitution.[5] *See Beglau v. Albertus*, 272 Or 170, 180, 180 n 2, 536 P2d 1251 (1975) (stating that "[i]t is fundamental that a new trial may be ordered by a trial court only for prejudicial *error*" (emphasis added) and that that "has been the rule since 1910 when Art VII, § 3, was added to the Constitution").[6] Thus, a new trial cannot be granted under ORCP 64 B based on the allegedly "prejudicial" effect of a prior judicial act, including a ruling, unless that act was erroneous. Even more particularly, "any order of the court" for purposes of subsection (1) necessarily, constitutionally, means any *erroneous* "order of the court." Thus, a court cannot grant a new trial under ORCP 64 B(1) based on its *post hoc* belief that a nonerroneous ruling contributed to an "unfair" result.

Against that backdrop, we turn first to the application of ORCP 64 B(1) to these circumstances—that is, whether, because of some erroneous "irregularity" or "order of the court" or an "abuse of discretion," plaintiff was deprived of a "fair trial."

■　　　Plaintiff identifies two pretrial matters that she contends constituted "[i]rregularit[ies] in the proceedings of the court": (1) the trial court's allowance of defendant's motion *in limine* and (2) the trial court's failure to review the purported incident report *in camera*.[7]

---

[5] That provision states, in part, that "no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict."

[6] *See also Archambeau v. Edmunson*, 87 Or 476, 486, 171 P 186 (1918) (although trial court had very broad discretion before enactment of Article VII (Amended), section 3, to grant new trials *sua sponte*, after enactment of 1910 amendment, trial court could properly exercise that authority only "when the court had committed some error, which if properly excepted to or seasonably called to the attention of the court and the motion denied, would have been sufficient cause for a reversal of the judgment if it had been brought up for review"); *accord Maulding v. Clackamas County*, 278 Or 359, 563 P2d 731 (1977) (reversing trial court's allowance of new trial on its own motion, based on erroneous jury instruction to which no exception had been taken, because court failed to allow new trial within 30 days of "filing of judgment").

[7] Plaintiff also makes several contentions on appeal that a new trial was properly granted under ORCP 64 B(1) because it was "highly irregular" for defendant to have made certain misrepresentations regarding the West incident report, *e.g.*, that the report was "unrelated" and "unavailable." Even assuming defendant made such misrepresentations and further assuming, *arguendo*, that such misrepresentations could serve as a basis for a new trial under ORCP 64 B(1),

■ As noted, ORCP 64 B(1) does not define "[i]rregularity"; nor did any of its statutory antecedents. However, in common usage in the nineteenth century, as today, an "irregularity" meant a "[d]eviation from * * * any common or established rule" or "deviation from method or order; as the *irregularity of proceedings*." Noah Webster, 1 *An American Dictionary of the English Language* (1828) (emphasis in original; boldface added).[8] That definition comports with our understanding of the term as used in ORCP 64 B(1). *See Leland Properties v. Burton Engineering and Survey*, 152 Or App 557, 562, 954 P2d 851, *rev den*, 327 Or 620 (1998) (noting that "there may have been an 'irregularity' in the proceedings in the sense that the trial court inadvertently did not follow its usual practice").

■ Here, there was nothing irregular in the process by which the parties presented, and the court decided, the motion *in limine* and the request for *in camera* inspection. As recounted above, *see* 228 Or App at 104-06, the submission and consideration of those matters conformed to well-established practice. It may well be that the trial court, with the benefit of hindsight based on its post-trial reading of the West incident report, wished that it had ruled differently in the first instance. But that does not render its consideration and disposition of the pretrial matters procedurally "irregular."

■ Nor did the trial court's disposition of the *in limine* motion or the request for *in camera* inspection represent an actionable "abuse of discretion" for purposes of ORCP 64 B(1). "Abuse of discretion," as a legal term of art, means that the court's action or decision was not "within the range of legally correct discretionary choices" and did not produce a

---

plaintiff failed to present those contentions before the trial court in her motion for a new trial and, thus, may not rely on them now. *Cf. McWilliams v. Szymanski*, 101 Or App 617, 620, 792 P2d 457, *rev den*, 310 Or 281 (1990) ("[A]n order granting a new trial will not be reversed if it can be supported by any of the grounds *on which it was sought*." (Emphasis added.)).

[8] "Irregularity" in current common usage means "something that is irregular," and "irregular" is defined, as pertinent, as "behaving without regard to established laws, customs, or moral principles"; "failing to accord with what is usual, proper, accepted, or right"; and "improper or inadequate because of failure to conform to a prescribed course[.]" *Webster's Third New Int'l Dictionary* 1196 (unabridged ed 2002).

"permissible, legally correct outcome." *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000); *see also Forsi v. Hildahl*, 194 Or App 648, 652, 96 P3d 852 (2004), *rev den*, 338 Or 124 (2005) ("The trial court abuses its discretion if it exercises that discretion in a manner that is unjustified by, and clearly against, reason and evidence.").

In granting the *in limine* motion and excluding plaintiff's putative testimony about her encounter with the other woman waiting to fill out an incident report, the trial court predicated its ruling exclusively on its application of OEC 403:[9] "[I]t may be probative, but I think that any probative value is really outweighed by potential for undue prejudice and confusion, assuming it's not hearsay." That ruling was, thus, based on the trial court's exercise of discretion. *See McCathern v. Toyota Motor Corp.*, 332 Or 59, 71, 23 P3d 320 (2001) ("We review a trial court's ruling whether to exclude relevant evidence under OEC 403 for abuse of discretion.").

The trial court's ruling on the *in limine* motion did not represent an abuse of discretion. Regardless of whether the court could properly have denied, rather than allowed, that motion, the allowance of the motion was "within the range of legally correct discretionary choices." *Rogers*, 330 Or at 312. In particular, the trial court could properly determine, as it did in the first instance, that the probative value of the evidence—*viz.*, that *some* other incident had occurred on the evening of plaintiff's alleged injury—was substantially outweighed by the danger of unfair prejudice and confusion of issues. Even more particularly, the court could properly exclude the putative testimony because of substantial concerns that the jury might use that testimony to speculate about the nature of other possible incidents, including whether the other customer had slipped on the same substance that plaintiff alleged had caused her to fall.[10]

---

[9] OEC 403 provides, as pertinent, that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice [or] confusion of the issues * * *."

[10] In ruling that the evidence should be excluded under OEC 403, the trial court did not explicitly engage in the four-part balancing test prescribed in *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987) (the trial court must engage in a four-part balancing test for determining whether evidence is to be excluded under OEC 403). However, plaintiff did not object to that aspect of the trial court's ruling. Rather, in response to the trial court's statement that "any probative value is really

To be sure, if the trial court had known about the content of the West incident report at the time that it ruled on the *in limine* motion, it might well have exercised its discretion differently. But that does not mean that the court abused its discretion based on the facts presented to the court at the time that it made its original ruling. Permissible exercises of discretion cannot, retroactively, be deemed "abuses" because of "20/20 hindsight" derived from later-disclosed information. *Cf. Roe v. Doe*, 161 Or App 477, 486, 984 P2d 344 (1999), *rev den*, 329 Or 651 (2000) ("We view the record as the trial court would have * * *. The relevant record, for purposes of [reviewing an allowance of summary judgment], is, of course, the record that was before the trial court *at the time* it considered and allowed the summary judgment motion." (Citation omitted; emphasis added.)).[11]

The same analysis applies and controls with respect to the trial court's failure to review the alleged incident report *in camera*. Again, the court's ruling on that matter was ultimately predicated on an exercise of discretion. *See State v. Stanley*, 30 Or App 33, 35, 566 P2d 193, *rev den*, 280 Or 1 (1977) ("[T]he decision of whether to preliminarily determine in camera the admissibility of evidence is one for the discretion of the trial court."). Again, the court's disposition was, in the totality of the circumstances, within the range of legally permissible discretionary outcomes.

As noted, during the pretrial conference on the morning of trial, plaintiff's counsel asked for an *in camera* review of the purported incident report "if they have that

outweighed by potential for undue prejudice and confusion," the plaintiff moved on to her request for an *in camera* review by responding, "Well, one other item, Judge." Nor does plaintiff, as respondent on appeal, raise any contention that it was legal error for the trial court to have excluded the testimony under OEC 403 without engaging in the prescribed balancing test under *Mayfield*. In all events, such an objection would come far too late. *See McWilliams*, 101 Or App at 620 (even if the trial court committed legal error, if that legal error was not excepted to at trial as required by ORCP 64 B(6), that legal error cannot serve as a proper basis for the trial court's granting of a new trial under ORCP 64 B(6)).

[11] *Accord Jackson v. Kotter*, 541 F3d 688, 700 (7th Cir 2008) ("In determining whether the district court abused its discretion, we do not engage in an independent analysis * * *. Instead, we determine whether the district court applied the correct legal standard, and whether the court's ultimate conclusion was reasonable *given the information available to the court at the time the decision was made*." (Citation omitted; emphasis added.)).

with them," and the trial court indicated that it was amenable to that request. However, when defense counsel indicated that the document was not available in the courtroom, the court observed, "Well, * * * it's not here, so I can't look at it." In response, plaintiff's counsel merely said, "Okay." Plaintiff's counsel did not object and, in particular, did not ask the court to require defendant to promptly produce for the court's review any incident reports generated on the night of plaintiff's alleged fall. Nor did plaintiff seek a brief continuance for that to be accomplished—even though the jury had not yet been summoned to the courtroom for *voir dire*.

There was no abuse of discretion. In the absence of some objection or request for further relief by plaintiff's counsel, the court acted within the bounds of permissible discretion in proceeding without reviewing a document that was not presently available for its review.

■ Further, in a closely related sense, plaintiff, by failing to insist on defendant's production of the report at trial for the purpose of *in camera* inspection, waived any further objection that the court's ruling warranted a new trial. In *Transamerica Title Ins. v. Millar*, 258 Or 258, 262-63, 482 P2d 163 (1971), the Supreme Court stated:

> "After learning of circumstances that would lead a reasonable person to suspect that a situation might exist which was inimical to a fair trial, plaintiff had a choice to make. It could either ask the judge to investigate the circumstances or waive anything that such an investigation would have disclosed. It could not wait and gamble on the outcome of the case and then raise the question if the results were adverse. * * *
>
> " '* * * [W]hen a party having knowledge of an error or an irregularity during the trial fails to call it to the attention of the court and remains silent, speculating on the result, he is deemed to have waived the error, and the denial of a motion for a new trial based upon that ground presents no reviewable question * * *.' "

(Quoting *Wills v. Petros et al*, 225 Or 122, 129, 357 P2d 394 (1960)) (citation omitted; brackets in *Transamerica*.)

*See also Turman v. Central Billing Bureau*, 279 Or 443, 450, 568 P2d 1382 (1977) (reversing the trial court's grant of a new trial because the moving party could have easily obtained the adverse party's records, but did nothing until after it received an adverse verdict); *Way v. Prosch*, 163 Or App 437, 444-46, 988 P2d 422 (1999) (the mother's election to proceed to trial with the knowledge that a possible judicial conflict of interest existed, without exercising her procedural right to inquire further, constituted a waiver of her right to a new trial under ORCP 64 B(1) on the basis of that conflict).

Consistently with those principles, once the trial court indicated that it was willing to review the report *in camera*, but could not do so because the report was unavailable, plaintiff's failure to insist that defendant immediately produce the incident report for *in camera* inspection precluded the allowance of ORCP 64 B(1) relief predicated on that matter.

Finally, with respect to the asserted "triggers" for relief under ORCP 64 B(1), there was no predicate erroneous "order of the court." That is, neither the allowance of the *in limine* motion nor the failure to engage in *in camera* inspection was the product of any legally cognizable error. As noted, both were predicated solely on exercises of judicial discretion—and, consequently, could be erroneous only if the trial court had abused its discretion in rendering those rulings. As we have explained, those rulings were not the product of any abuse of discretion and, thus, were not erroneous.

In sum, we conclude that neither the allowance of defendant's *in limine* motion nor the failure to engage in pretrial *in camera* inspection constituted an erroneous "order of the court," "[i]rregularity in the proceedings of the court," or "abuse of discretion" for purposes of ORCP 64 B(1). Accordingly, the trial court erred in determining that plaintiff was entitled to a new trial under that provision.[12]

We proceed to the trial court's alternative basis for allowing a new trial, *viz.*, ORCP 64 B(6). Under that provision, a trial court may order a new trial if it determines that

---

[12] Given that conclusion, we do not assess the impact of those rulings on the outcome of the trial.

a party's "substantial rights" have been "materially affect[ed]" by an "[e]rror in law occurring at the trial and objected to or excepted to by the party making the application."

As noted, the trial court invoked ORCP 64 B(6) *sua sponte*. *See* 228 Or App at 108 n 2. Again, putting aside the propriety of that *sua sponte* invocation—which defendant did not, and does not, challenge[13]—the trial court's application of ORCP 64 B(6) was erroneous for two reasons. First, although there can be some overlap—for example, where an exercise of discretion is based on a legally erroneous premise—"error in law" is, generally, conceptually distinct from "abuse of discretion." *See, e.g., Rogers*, 330 Or at 312 ("If there is only one legally correct outcome, then 'discretion' is an inapplicable concept."). Here, as noted, both of the trial court's rulings were, in fact, products of "pure" discretion, without reference to some legally erroneous premise. Accordingly, even if ORCP 64 B(6) were somehow apposite here, it would afford no relief for the same reasons explained above with respect to "abuse of discretion."

Second, the trial court's assessment of the correctness of its predicate rulings was expressly—and impermissibly—based on its post-trial knowledge of facts (*viz.*, the contents of the West incident report) that were not of record as of the time the court made the original ruling. A trial court can allow a new trial based on "error in law" only if the asserted error "would have been sufficient to justify the reversal of the judgment upon appeal." *Timmins v. Hale*, 122 Or 24, 32, 256 P 770 (1927); *accord Leland Properties*, 152 Or App at 562 (to warrant the allowance of a new trial under ORCP 64 B(1), an "irregularity" must be "sufficient to amount to *reversible error* in the proceedings" (emphasis in original)).

Thus, in applying ORCP 64 B(6), trial courts are to operate as this court would in determining whether the

---

[13] *See Maulding*, 278 Or at 362-66 (addressing proper interplay between trial court's authority, on motion of a party, to allow a new trial based on "error in law occurring at trial" and court's authority to grant new trial on its own motion, where trial court granted relief more than 30 days after entry of judgment and relied on an "error in law" to which no timely exception had been taken).

original ruling that is the subject of the new trial motion constituted reversible error. Just as we are constrained on appellate review to consider only the circumstances known to a trial court at the time that it rendered an evidentiary ruling, so too are trial courts constrained under ORCP 64 B(6) in revisiting the correctness of their original rulings. The content of the West incident report—which was not known to the trial court until weeks after it had made its pretrial rulings— was immaterial to whether, at the time it rendered those rulings, the court had committed reversible error.

We next consider, as an alternative basis for affirmance, whether the trial court should have granted a new trial under ORCP 64 B(4). *Snyder*, 269 Or at 538. Under ORCP 64 B(4), a new trial may be granted based upon "[n]ewly discovered evidence, material for the party making the application, which such party could not with reasonable diligence have discovered and produced at the trial."

In *State v. Arnold*, 320 Or 111, 120-21, 879 P2d 1272 (1994), the Supreme Court explained that, to satisfy ORCP 64 B(4), the evidence must meet the following requirements:

"(1) It must be such as will probably change the result if a new trial is granted;

"(2) *It must be such as, with reasonable diligence, could not have been discovered before or during the trial*;

"(3) It must be such that it cannot, with reasonable diligence, be used during trial;

"(4) It must be material to an issue;

"(5) It must not be merely cumulative;

"(6) It must not be merely impeaching or contradicting of former evidence."

(Footnote omitted; emphasis added.)

Defendant contends that the trial court could not properly have granted plaintiff's motion for a new trial under ORCP 64 B(4), because the West report could have been discovered before or during the trial "with reasonable diligence" on the part of plaintiff. Plaintiff remonstrates that she was reasonably diligent by filing a motion to compel production of

incident reports and requesting the trial court to review the report *in camera* during the pretrial conference. We agree with defendant.

"[E]vidence is 'newly discovered' when its existence is first known by [the party] or counsel." *State v. Cadigan*, 212 Or App 686, 692, 159 P3d 348, *rev den*, 343 Or 223 (2007). Consequently, evidence that is known to a party prior to trial is not "newly discovered evidence." *Id*. Here, plaintiff stated in her motion for a new trial that "plaintiff was denied access by the Court to prior incident reports, including an incident and investigation report from an incident the same evening. It involved a report that *plaintiff witnessed another customer filling out*." (Emphasis added.) Thus, plaintiff, by her own admission, had knowledge—as early as the evening of the alleged injury itself and, at the very least, prior to her original request for production—that an incident report probably existed from the same evening and in close proximity in time to plaintiff's alleged injury. *Cf. Cadigan*, 212 Or App at 692 (although the significance of evidence may become better appreciated after trial, that does not make the evidence "newly discovered").

In a closely related sense, plaintiff could have, with reasonable diligence, obtained the West incident report before trial. To be sure, Judge Maurer had denied plaintiff's sweeping motion to compel production of incident reports over an eight-year period. However, nothing in that ruling precluded plaintiff from revisiting and narrowing the scope of her request, so as to focus on reports generated in close temporal proximity to this incident, including, specifically, reports generated on the same evening. Indeed, such a renewed and precisely focused request would have comported with the dictates of reasonable diligence. And yet—notwithstanding plaintiff's own explicit knowledge that another report was probably generated on the same evening within minutes of her fall—plaintiff never pursued such a manifestly pertinent particularized request for production of that document. *See Mitchell v. Mt. Hood Meadows Oreg.*, 195 Or App 431, 456, 99 P3d 748 (2004) (a new trial may not be sustained under ORCP 64 B(4) where the plaintiff knows of the issue days before the case is submitted to the jury and knows how to procure the evidence, but never asks for a delay

in the trial to procure the evidence before the case goes to the jury).

In sum, because the probable existence of the West incident report was known to plaintiff well before trial and that report could have been procured through reasonable diligence, plaintiff was not entitled under ORCP 64 B(4) to a new trial.

We turn, finally, to plaintiff's cross-assignment of error. Plaintiff cross-assigns error to Judge Maurer's denial of plaintiff's motion to compel production of defendant's incident reports generated from the Sandy Boulevard store over an eight-year period. Plaintiff seeks two alternative forms of relief based on that allegedly erroneous ruling: (1) affirmance of the order for a new trial, or (2) in the event that we reverse the judgment granting the new trial, reversal of the original judgment for defendant.

Defendant responds that this court does not have jurisdiction to consider plaintiff's "cross-assignment of error" because that "cross-assignment" is, in fact, a cross-appeal and no notice of cross-appeal was ever filed. Invoking ORAP 5.57(2), defendant argues that, because plaintiff is attacking the original judgment—that is, because plaintiff is seeking relief from the judgment in defendant's favor—such an attack must be made by cross-appeal and not by way of a cross-assignment of error. Defendant further argues that, even if plaintiff's cross-assignment of error is somehow cognizable, plaintiff loses on the merits.

ORAP 5.57(2) provides:

"A cross-assignment of error is appropriate:

"(a) If, by challenging the trial court ruling, *the respondent does not seek to reverse or modify the judgment on appeal*; and

"(b) If the relief sought by the appellant were to be granted, respondent would desire reversal or modification of an intermediate ruling of the trial court."

(Emphasis added.) Accordingly, under ORAP 5.57(2)(a), a cross-assignment of error is defective when the respondent is seeking to reverse or modify the judgment *on appeal*.

Here, the disposition from which the appeal was taken—or could be taken—was the order granting a new trial.[14] Because plaintiff does not seek to reverse or modify that disposition, defendant is incorrect in contending that plaintiff's cross-assignment of error is defective. Plaintiff was not required to cross-appeal.[15]

We understand plaintiff's "cross-assignment of error," viewed broadly, to urge an alternative basis for affirmance. In her motion for a new trial, plaintiff properly raised the very contention that she now presents as a cross-assignment of error before the trial court: "In discovery, plaintiff was denied access by the Court to prior incident reports, including another incident and investigation report from an incident the same evening just prior to plaintiff's fall." The trial court granted plaintiff's motion, but not on that basis.

We thus consider, as an alternative basis for affirmance, whether Judge Maurer's denial of plaintiff's motion to compel entitled plaintiff to a new trial under ORCP 64 B(1).[16]

---

[14] Indeed, plaintiff could not cross-appeal from the original judgment because that judgment was vacated upon the allowance of the new trial.

[15] Obviously, plaintiff would not desire to cross-appeal from the disposition on appeal, *viz.*, the order granting a new trial. *Cf. Macy v. Blatchford*, 154 Or App 313, 325, 961 P2d 873 (1998), *rev'd in part on other grounds*, 330 Or 444, 8 P3d 204 (2000). In *Macy*, the plaintiffs "conditionally" cross-appealed from the original judgment, specifying that the cross-appeal should be considered only "in the event that this court concludes that there was a procedural flaw in the trial court's new trial ruling which mandates reversal." *Id.* The conditional cross-appeal from the original judgment in *Macy* was proper because the order granting the new trial was untimely, with the effect that the original judgment in the defendant's favor was not properly vacated—and, consequently, remained in effect.

In all events, this case serves as yet another reminder as to the arcane distinctions between alternative bases for affirmance, cross-assignments of error, and cross-appeals. *See, e.g., Capital Credit & Collection Service, Inc. v. Armani*, 227 Or App 574, 586, 206 P3d 1114 (2009); *Austin and Austin*, 191 Or App 307, 322 n 3, 82 P3d 170 (2003); *id.* at 322-23 n 1 (Haselton, P. J., concurring in part and dissenting in part); *Samuel v. King*, 186 Or App 684, 690-91, 64 P3d 1206, *rev den*, 335 Or 443 (2003). Prudent practitioners are well-advised, if there is any doubt as to whether a matter should be cross-appealed, to err on the side of caution. The only additional cost of cross-appealing is a filing fee; conversely, erroneously cross-assigning error rather than filing a cross-appeal is fatally, jurisdictionally, preclusive—and may result in a malpractice judgment.

[16] We consider whether plaintiff would be entitled to a new trial only under ORCP 64 B(1) because plaintiff did not raise ORCP 64 B(6) in her motion for a new trial and did not renew her ORCP 64 B(3) contentions on appeal, and we have rejected any ORCP 64 B(4) basis for a new trial.

Plaintiff sought "[c]opies of reports of all similar incidents prepared by any and all employees" from the Sandy Boulevard store over an eight-year period. Defendant objected on the grounds that that request for production was "vague, overbroad, and unduly burdensome" and "not reasonably calculated to lead to the further discovery of admissible evidence." Judge Maurer denied plaintiff's motion to compel that evidence without specifying the basis for that denial.

Without rehashing and belaboring the various arguably applicable "triggers" for allowance of a new trial under ORCP 64 B(1), it appears, in context, that Judge Maurer's ruling was the product of an exercise of judicial discretion. *See generally ODOT v. Winters*, 170 Or App 118, 131, 10 P3d 961 (2000), *rev den*, 332 Or 239, *cert den*, 534 US 996 (2001) (reviewing trial court's ruling on motion to compel for abuse of discretion); *Doe v. Denny's, Inc.*, 146 Or App 59, 67, 931 P2d 816 (1997), *aff'd*, 327 Or 354, 963 P2d 650 (1998) (same). Certainly, nothing in the record demonstrates otherwise. Given the breadth of plaintiff's motion to compel, particularly its temporal scope, Judge Maurer's disposition was well "within the range of legally correct discretionary choices." *Rogers*, 330 Or at 312. Accordingly, that ruling was not erroneous and could not be the predicate for the allowance of a new trial.

Reversed and remanded with instructions to reinstate judgment.